BAKER *v*. THE STATE.

*Atkinson, J.*—The indictment contained all the allegations essential to charge the offense of perjury, and the demurrer to the same was properly overruled.       *Judgment affirmed.*
October 21, 1895.

Indictment for perjury. Before Judge Gober. Milton superior court. August term, 1895.

The indictment charged, that Mack Baker on February 9, 1895, in Milton county, did "wilfully, knowingly, absolutely and falsely swear, both with and without laying his hand on the Holy Evangelist of Almighty God, and offense in a matter material to the issue and point in question in a judicial proceeding, to whom a lawful oath or affirmation was administered in the superior court of said county of Milton, on and during the trial of a case then and there pending, to wit: 'The evidence you are to give the court in the trial of this case shall be the truth, the whole truth and nothing but the truth, so help you God,' said oath having been administered to said Mack Baker on and during the trial of a case then and there pending and being tried in said court, by one Newton A. Morris, an attorney at law in said court and representing one side of the issue or case then and there being tried, and the said Mack Baker was then and there a witness and testifying after having been sworn as aforesaid, in a case in the superior court of said county of Milton, which came on to be tried at the February term, 1895, between Gilford Landrum as next

friend of Jennie Landrum, Allen Landrum, Jonnie Landrum, Dessa M. Landrum, Dissie L. Landrum and Eula Landrum, minor children, against John Walker, West Walker and Abi Grant, the same being a suit against them as executors *de son tort* for the recovery of one thousand dollars in money which the plaintiff in said case alleged by his writ the said defendant had wrongfully taken charge of and converted to his own use without authority of law, the same being money that James Walker, father of said defendants and grandfather of said minor children, parties plaintiff, had and owned and was in possession of when he died intestate on or about March 1st, 1891, to which charge defendants as aforesaid filed their plea in said case then and there pending, denying their guilt, and on the trial of said case the said Mack Baker, after being sworn as aforesaid, testified as follows, the same being evidence material to the issue then and there being tried, to wit: 'The day after old man Jimmie Walker was buried I passed the house where old Jimmie Walker lived and died, and saw John Walker, West Walker, Calloway Grant and Abi Grant dividing out and distributing among themselves a lot of money. Calloway Grant had a box in his hands handing out the money to John Walker, West Walker and Mrs. Abi Grant. It was a little square box nearly full of money. This was next day after old man Jimmie Walker was buried, and it was soon that morning just after sun up'; when in truth and in fact the said John Walker, West Walker, Calloway Grant and Abi Grant were not all together at any one time, and that there was no box of money among them, and Calloway Grant did not hand out to them or any one of them any money from a box or from anything else, and that there was no money divided among them or any of them, and that the said Mack Baker never saw Calloway Grant give them or any of them any money from a box or from anything else at the time and place testified to by him or at any other time. The jurors afore-

said do say that the said Mack Baker did knowingly, willfully, absolutely and falsely swear, and did then and there wilful and deliberate perjury commit." Defendant demurred upon the grounds: (1) That the allegations in the indictment are insufficient and do not constitute the offense of perjury. (2) It does not sufficiently show and charge that the evidence given and sworn by defendant was material to the issue being tried when defendant is alleged to have committed perjury. (3) It does not show that the court, before which the defendant is alleged to have perjured himself, was lawfully in session, or had lawful authority to try the case before it. (4) It does not show that a lawful oath was administered to defendant before he committed the perjury alleged. (5) It does not aver or show that the superior court had jurisdiction to entertain and determine the issue, or power or authority to administer an oath in the trial thereof. (6) It does not show that plaintiffs in the case in which defendant is alleged to have committed perjury were heirs of Jimmie Walker who were entitled to sue the defendants as executors *de son tort*; therefore said testimony was not material to the issue.

*N. A. Morris* and *P. D. McCleskey*, for plaintiff in error. *George R. Brown*, solicitor-general, and *Thomas Hutcherson*, contra.