## WRIGHT *v.* SMITH *et al.*

Relationship of a juror within the prohibited degrees to the unsuccessful party in a case, although unknown to such party or his counsel until after verdict, is not sufficient ground for a new trial, especially in a case where the verdict was manifestly right.

Submitted February 24, — Decided April 12, 1898.

Complaint for land. Before Judge Hart. Laurens superior court. January term, 1897.

Mrs. Wright brought her action against Smith and Schaufele for the recovery of certain land and mesne profits. The defendants relied for title on a deed to the land, executed by the plaintiff to defendant Smith. The plaintiff attacked the deed as void, on the ground that it was executed for the purpose of extinguishing indebtedness of her husband. From the evidence it appeared that the sale to Smith, in pursuance of which the deed was executed, was conducted by the plaintiff's husband. For a part of the purchase-money Smith gave his note for $122.64, payable to the plaintiff, and also, as a part of the consideration, paid off a mortgage on the land, which had been executed by the plaintiff to one McClelland to secure her note to McClelland for $400. She testified that she allowed her husband to sell the land for his own use, and that it was sold to pay his debts. The mortgage to McClelland was the only debt he owed, that she knew of. The mortgage was given for money he had borrowed from McClelland. She got the money from Smith. She testified further that Smith knew that the mortgage was given to secure money which her husband got; she knew that Smith knew what the mortgage was given for, "simply because he took up the mortgage himself." Smith never said anything to her about knowing what the mortgage was given for. The only way she came to know about his having any information as to what the mortgage was given for was from some one else. Another witness testified that Smith admitted to him, after the suit was brought, that he knew before he bought the land that the mortgage was for Mr. Wright's debt. Subsequently this witness testified that the subject came up by Smith asking him if he thought it was right for him to

have the place taken away from him after he had paid for it; witness told him no, and asked him what grounds she was trying to recover the place on; he said, on the ground that he had paid part of the money to Mr. Wright. That was about all he said.

Smith testified, that at the time he paid off the mortgage he did not know that it was for a debt of the plaintiff's husband, and that he had never heard of its being the husband's debt until the trial of this case, and had made no statement to the effect that he knew it was. He paid the note which he had given to the plaintiff for part of the purchase-money. This note was indorsed: "Pay to A. T. Summerlin. Georgia O. Wright, per W. J. Wright, atty." There was evidence that this indorsement was authorized by the plaintiff; and that valuable improvements were placed upon the land by Smith with her knowledge and without objection on her part, after he bought the land.

The verdict was for the defendants. The plaintiff's motion for a new trial was overruled, and she excepted. The material grounds of the motion are, that the verdict was contrary to law and the evidence; and that one of the jurors who tried the case was (unknown to plaintiff or her counsel until after trial) a third cousin of plaintiff, she being a daughter of Wolfe, a first cousin of the juror's mother.

*J. E. Hightower* and *F. H. Burch*, for plaintiff.
*Peyton L. Wade*, for defendants.

LEWIS, J. The law relating to the qualification of jurors has for its object securing a jury composed of men who stand between the litigants fair and impartial. A juror would naturally be inclined to favor a kinsman rather than a stranger, in a contest between the two. Hence the law has declared that relationship of a juror to a party within a certain degree disqualifies him from service in a case. It has been repeatedly held by this court that relationship of a juror to a prevailing party in a case, unknown to the opposite party or his counsel, is a ground for a new trial; but we are not aware of any decision by this court to the effect that a new trial should be

granted because the juror was related within the prohibited degrees to the unsuccessful party in the case. As a general rule, which is almost universal in its application, no litigant has the legal right to complain of anything occurring on the trial of his cause which is presumed to enure to his benefit. There is certainly no presumption that a party is hurt because of having a kinsman upon the jury. In some of the decisions of this court, the ruling, granting a new trial in a case on account of such a disqualification in one of the jury, seems to be based on relationship to the opposite or prevailing party. For instance, in *Moody* v. *Griffin*, 65 *Ga.* 304, it was held: "The son of the first cousin of one of the parties to a suit is not a competent juror; if the relationship be not discovered until after a verdict in favor of the party related to him, this court will not reverse the grant of a new trial on that ground." Again in *Bullard* v. *Trice*, 63 *Ga.* 165, it was held: "That one of the jurors who tried a case was a cousin of the successful plaintiff, which fact the defendants did not know until after the trial, is good ground for a new trial."

It may be urged in reply, that such juror is no juror at all, and that the verdict, not being rendered by a panel of twelve competent jurymen, is no verdict, and is absolutely void. But such a verdict is not an absolute nullity, but only voidable. It is not like a judgment rendered by a court without any jurisdiction of the person or subject-matter, which can be attacked by any person at any time it comes in his way. The parties can waive such a disqualification of a juror; and even if not waived, if there is a failure to except to it, the verdict and judgment rendered thereon would be valid, though every juror was related to the party in whose favor it was rendered. In 1 Thompson on Trials, § 116, it is declared: "Although there is considerable American authority, following the wake of a leading case in Maryland, in favor of the rule that the discovery that a disqualified person sat on the jury gives to the unsuccessful party the same right of new trial, as the right which he would have had to challenge the juror if the discovery had been made before the jury were sworn, on the ground that such a person is no juror at all — a *non-juror*, and that the

presence of a non-juror vitiates the whole panel, yet the mass of American authority, grounded upon considerations of convenience and public policy, is opposed to this strict rule. It has been repeatedly held that a cause of challenge not discovered until after verdict, whether the case be civil or criminal,— as, that some of the jurors were aliens; or not of the jury-list as selected by the county authorities; or non-residents, or not citizens of the county or State; or not possessed of the statutory qualifications, as for instance less than twenty-one or more than sixty years of age; or *related to the opposite party* within the disqualifying degrees; or shown to have expressed disqualifying opinions as to the subject-matter of the trial; or otherwise subject to challenge; is not, *per se*, a ground of new trial, though it may be such in the discretion of the court." A number of authorities from the Supreme Courts of several States are cited by this author, which, upon examination, we find support the text. This court, however, has not gone to the same extent; but we do not think the rigid rule adopted in this State should be extended by applying it to a case where the relationship is presumed to be in favor of, and not prejudicial to, the interests of the complaining party. Especially is this the case where any other verdict would have been manifestly wrong and unjust.

In the case of *Johnson* v. *Mayor and City Council of Americus*, 46 *Ga.* 80, it was held that some of the jurors in the panel from which the jury was selected were incompetent to try the case. Objection was made to their competency, and was overruled by the court below. Notwithstanding this fact, this court refused to reverse the judgment overruling the motion for a new trial, on the ground that the verdict of the jury was right. That was a much stronger case than the one now under consideration, for there a challenge to the jurors on account of their disqualification was made, and besides, the disqualification was prejudicial to the losing party; yet the objection was overruled by the court. It is true relationship was not involved; but this does not alter the principle, for the disqualification was as great in the one case as in the other. This court held, in the case of *Georgia Railroad* v. *Cole*, 73 *Ga.* 713,

"Although the verdict may have been a proper one under the evidence, yet if it was rendered by a jury of which two members were incompetent to act, it was no lawful verdict, and was properly set aside," and Justice Blandford, in his opinion on page 715, doubts the correctness of the decision in 46 *Ga.* He draws this distinction, however, between the two cases, by saying: "In that case, no new trial had been ordered by the court below, as in this case; and in this the two cases differ."

After a careful review of the entire record before us, we believe that the verdict rendered by the jury was not only right, and sustained by a decided weight of the evidence, but that any other verdict would have been manifestly unjust. It would seem, therefore, to be a mere farce in judicial procedure to set aside this verdict simply because of relationship of the juror to a party who failed, and ought to have failed, and thus take up the time of the court and country to try a case on an alleged error that worked no possible harm in the case; especially after the court below, in the exercise of its discretion, overruled the motion for a new trial. Laws upon the subject of the qualification of jurors are presumed to have a reasonable purpose in view, and they should receive by the courts a reasonable construction. We think the proper rule in this State on the subject of a juror's relationship to be this: Where one of the jury is related to the party in whose favor the verdict is rendered, the verdict is voidable at the election of the opposing party, provided the relationship was not known to him until after trial; but a party will not be heard to complain of his relationship to a juror, especially in a case where the verdict manifestly speaks the truth.

We have not noticed the other grounds of the motion, complaining of errors in the charge, for the reason that they are without merit when considered in the light of the facts disclosed by the record.

*Judgment affirmed.    All concurring, except Cobb, J., absent.*