## SIKES *v.* THE STATE.

1. Relationship within the prohibited degrees of a juror to the defendant in a criminal case, although unknown to the defendant and his counsel until after the verdict, is not sufficient ground to set aside the verdict on a motion for new trial.
2. On the trial in open court of the issue in a civil case, an attorney at law in such case may lawfully administer an oath to a witness.
3. There was some corroboration of the chief witness for the State in this case, and whether such corroboration was sufficient to support a verdict of guilty was a question for the jury, under proper instruction from the court.

Submitted October 3, — Decided October 12, 1898.

Indictment for perjury. Before Judge Gamble. Tattnall superior court. May 23, 1898.

*H. J. McGee* and *J. K. Hines,* for plaintiff in error.
*B. T. Rawlings, solicitor-general,* contra.

SIMMONS, C. J.   1. Sikes was indicted for the offense of perjury, and upon trial was convicted.   He made a motion for new trial upon the grounds that the verdict was contrary to law and the evidence, and that one of the jurors who tried his case and agreed to the verdict of guilty was his third cousin, and was therefore disqualified to sit upon the jury.   The usual affidavits of ignorance of the accused and his counsel of this fact were attached to the motion.   The court overruled the motion and the defendant excepted.

We think that the court did not err in overruling this ground of the motion.   In the case of *Wright* v. *Smith,* 104 *Ga.* 174, this question was fully investigated by the court, and it was ruled that " Relationship of a juror, within the prohibited degrees, to the unsuccessful party in a case, although unknown to such party or his counsel until after verdict, is not sufficient ground for a new trial."   The reasoning of Mr. Justice Lewis in that case is satisfactory to the court, and is adopted as the views of the court in the case now under consideration.

2. It was insisted in the argument here, under the general grounds that the verdict was contrary to law and the evidence, that there was no lawful oath administered to Sikes in the case of Yeomans *v.* Bazemore, in which it was alleged that the perjury was committed.   The evidence in the present case shows that the oath was administered by an attorney of the court who represented one of the parties in the case of Yeomans *v.* Bazemore, that he obtained a continuance of the case on the testimony of Sikes, and that he in open court administered the usual oath to the witness.   It is now claimed by counsel for Sikes that the attorney had no authority under the law to administer this oath, that the oath was not lawful, and that, therefore, Sikes should not have been convicted of perjury.   This same question was made in the case of *Thomas* v. *State,* 67 *Ga.* 460.   In that case, counsel for defendant objected to the solicitor-general's admin-

istering the oath to the witnesses, the trial judge held that he was a proper officer of the court to administer the oath, and this court affirmed that ruling. In the case of *Baker* v. *State,* 97 *Ga.* 347, the indictment alleged, among other things, that the oath was administered by one Morris, an attorney at law in the court, representing one of the parties to the case pending. One of the grounds of demurrer to the indictment was that it did not show that a lawful oath had been administered to the defendant before he committed the perjury alleged. The demurrer was overruled, and that ruling was affirmed by this court. Thus this court has held that the solicitor-general may lawfully administer the oath in a criminal case, and that an attorney representing one of the parties in a civil case may lawfully administer the oath in that case. The solicitor-general or the attorney, when he in open court administers oaths to witnesses, is a mere organ or mouthpiece of the court. In our opinion it is the same as though the judge presiding administered the oath himself. The attorneys are officers of the court, and when they administer oaths to witnesses they simply represent the court, and the oaths are as legal and binding as if the judge had himself repeated the words of the oaths.

3. It seems from the record that Sikes, on the motion to continue the civil case, testified that he had subpœnaed one Finley as a witness in the case sought to be continued, and that he had in person handed him the subpœna. On the trial of Sikes for perjury, Finley testified that Sikes had never handed him a subpœna in that case or any other. Thus far we have oath against oath. Had the evidence then closed, Sikes could not have been convicted. Section 991 of the Penal Code declares, however, that in a case of perjury one witness and corroborating circumstances may be sufficient to authorize a conviction. Counsel for plaintiff in error claim that there were no corroborating circumstances, or, if any, that they were not sufficient to authorize a conviction. In order to corroborate the testimony of Finley that he had never been subpœnaed in the case above mentioned, the State introduced the clerk of the court, who testified that he had examined the records for this subpœna and had failed to find any record of it. The law requires the clerk

to keep a subpœna-docket, in which shall be entered every subpœna issued in any case, the name of the witness, the case, etc. Had the clerk issued a subpœna to Sikes to be served on Finley, and done his duty, the number of the subpœna, the case and Finley's name would have appeared upon the subpœna-docket. Not appearing there, according to the testimony of the clerk, the fair presumption would be that no such subpœna had been issued, and therefore that Sikes could not have served such an one upon Finley. However this may be, it was a question for the jury to decide whether Finley's testimony was sufficiently corroborated. Under the code of the State and the decisions of this court, the sufficiency or weight of corroborating circumstances is for the jury alone, not for the court. When the jury finds that the corroboration is sufficient and the trial judge is satisfied with their finding, this court will not interfere with the latter's discretion in refusing a new trial, unless it is manifestly abused. In the case of *Ransone* v. *Christian,* 56 *Ga.* 356, Jackson, J., in discussing the amount of corroboration necessary in cases of this kind, remarked: " We think the circumstances should be such as to convince the jury—such as so to strengthen the one witness as to induce them to believe that he has sworn truly, and that the plaintiff swore falsely. . . If the jury are satisfied with the weight of the corroborating circumstances it is enough. There must be sufficient corroboration to satisfy them, and how much would be exactly equal to the weight of another witness it would be hard for us to prescribe or for them to calculate." See also *Powers* v. *State,* 44 *Ga.* 209; *Bell* v. *State,* 73 *Ga.* 572; *Evans* v. *State,* 78 *Ga.* 351.

*Judgment affirmed. All the Justices concurring.*