## DOWNING v. THE STATE.

1. A new trial will not be granted in a criminal case because of the relationship within the prohibited degrees of a juror to the accused, although such relationship was unknown to the accused and his counsel until after verdict.

2. On a prosecution for murder or manslaughter it is not error to charge that the

accused would not be relieved of responsibility for the death of the deceased because of negligence in the treatment of a mortal wound or of unskillful treatment of a wound which was not necessarily mortal but which was the primary cause which produced other and secondary causes from which the death of the deceased resulted.

3. In the absence of a request to charge, a new trial will not be granted because of the failure of the trial judge to give the jury instructions as to the impeachment of witnesses.

4. There was no error in any of the charges of which complaint is made ; the request to charge was fully covered by the general charge ; there was no material error in admitting evidence ; and the evidence was sufficient to authorize the verdict.

Argued October 8, — Decided November 5, 1901.

Indictment for murder.	Before Judge Littlejohn.	Dooly superior court.	February term, 1901. .

*Busbee & Busbee, J. M. DuPree,* and *J. H. Martin,* for plaintiff in error.	*J. M. Terrell, attorney-general, F. A. Hooper, solicitor-general,* and *D. A. R. Crum,* contra.

SIMMONS, C. J.	Downing was tried for the offense of murder, and was convicted. He moved for a new trial upon many grounds. The motion was overruled, and he excepted. The foregoing headnotes deal with the principal points relied upon here by counsel for the plaintiff in error.

1. One ground of the motion alleged that the verdict was vitiated by the fact that one of the jurors was related to the accused within the prohibited degrees. Leave was asked to review the cases of *Wright* v. *Smith,* 104 *Ga.* 174, and *Sikes* v. *State,* 105 *Ga.* 592. We declined to grant the request, believing that the principle announced in those cases is sound and correct. This ground is controlled by those cases, and can not be sustained.

2. Complaint is made that the trial judge gave the charge which is substantially set out in the second headnote. It was argued that this charge was erroneous and did not give the accused the benefit of his contention that the death of the deceased was produced by the failure of the surgeons to extract promptly certain foreign matter from the wound inflicted by the accused upon the deceased, that the wound was not necessarily mortal, and that the deceased would have recovered if skillfully treated. Whether there is any evidence which would authorize such a contention we need not decide ; for the charge complained of was not erroneous. The prin-

ciple therein announced is as old as the year-books, and, as far as we know, has never before been questioned in this State. Lord Hale, in his Pleas of the Crown (m. p. 428 of 1st. Am. ed.), as early as 1660, says: "And so it hath been always ruled." The same principle is announced in 2 Waterman's Archbold, Crim. Pr. & Pl. 210, 2 Bish. New Cr. Law, 635 et seq., 1 Clark & Marsh. Crimes, 484 et seq., and in other works on criminal law. We deem it unnecessary to further elaborate the subject or give at length the reasons for this rule of law.

3. Complaint is also made that the trial judge failed to instruct the jury on the subject of the impeachment of witnesses. It is contended that the judge thereby failed to charge the jury the whole law of the case. It is established by the decisions of this court that a failure to charge the jury upon the law relating to the impeachment of witnesses is not, in the absence of a request to so charge, a ground for a new trial. There was no such request in the present case, and, according to *Joiner* v. *State*, 105 *Ga.* 646, and cases cited, the failure to charge upon the subject of impeachment will not require a new trial.

4. Other grounds of the motion complained of certain instructions given the jury, of the refusal to give a certain charge as requested, and of the admission of certain evidence. The charges complained of were not erroneous, and, as they do not announce any new or novel principles of law not heretofore fully dealt with by this court, we deem it unnecessary to set them out or to deal with them seriatim. The substance of the request to charge was fully covered by the general charge of the court. The evidence as to the admission of which complaint is made was not material and could have done the accused no injury. Considering the case as a whole we conclude that there was no material error committed by the trial judge in charging or in refusing to charge, or in the admission of evidence. The evidence was sufficient to warrant the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*