## McCRIMMON v. THE STATE.

COBB, J.   1. When in a criminal case, after verdict, an attack is made upon a juror upon the ground that he was not impartial, the trial judge occupies the place of a trior, and his finding that the juror is competent will not be reversed, unless under all the facts the discretion of the judge is manifestly abused.   No abuse of discretion appears in this case. *Jones* v. *State*, 117 *Ga.* 710(4) ; *Sullivan* v. *State*, 121 *Ga.* 183(4).

2. A new trial will not be granted in a criminal case because of the relationship, within the prohibited degrees, of a juror to the accused, although such relationship was unknown to the accused or his counsel until after verdict.   *Downing* v. *State*, 114 *Ga.* 30, and cit.

3. There was evidence authorizing a finding that the accused ,was guilty of the offense of voluntary manslaughter, and the judge did not err in refusing to set aside the verdict convicting him of this offense.

*Judgment affirmed.   All the Justices concur.*

Submitted October 16,—Decided November 7, 1906.

Indictment for murder.   Before Judge Parker.   Coffee superior court.   June 27, 1906.

*Rogers & Heath, L. C. Harrell, O'Steen & Tomlin,* and *E. S. Fuller,* for plaintiff in error.   *John W. Bennett, solicitor-general,.* and *Quincey & McDonald,* contra.