## PARKER *v.* THE STATE.

Where a judge presiding in the trial of a criminal case is related to the defendant within the fourth degree of consanguinity, and neither the defendant nor his counsel has knowledge of the existence of such relationship until after the trial, the mere fact that such relationship existed will not require the grant of a new trial.

NOVEMBER 16, 1916.

Questions certified by Court of Appeals (Case No. 7039).

*J. W. Overstreet* and *M. R. Lufburrow,* for plaintiff in error.

*A. B. Lovett, solicitor,* contra.

ATKINSON, J. The Court of Appeals has certified to the Supreme Court the following questions for decision:

"1. Where the judge presiding in the trial of a criminal case is related to the defendant within the fourth degree of consanguinity, and neither the defendant nor his counsel has knowledge, until after the trial, of the existence of such relationship, is the relationship a sufficient ground for a new trial?

"2. Is the ruling of this court in *Olliff* v. *State,* 1 *Ga. App.* 553, that the defendant in a criminal case may successfully urge, in a motion for a new trial, the disqualification of the presiding judge on account of the relationship to the defendant within the degree prohibited by section 4642 of the Civil Code of 1910, where it is made to appear that the facts upon which the disqualification is based were unknown to him and his counsel until after the verdict, correct; or does the ruling in that case conflict in principle with the rule adopted and repeatedly adhered to by the Supreme Court, which precludes the losing party from complaining of the disqualification of a juror by reason of unknown relationship to him? See *Wright* v. *Smith,* 104 *Ga.* 174; *Sikes* v. *State,* 105 *Ga.*

592; *Downing* v. *State,* 114 *Ga.* 30; *Screws* v. *Anderson,* 124 *Ga.* 364 [52 S. E. 429]."

It is declared in the Penal Code, § 999: "On calling each juror, he shall be presented to the accused in such a manner that he can distinctly see him, and then the State, or the accused, may make either of the following objections, viz.: . . 4. That he is so near of kindred to the prosecutor, or the accused, or the deceased, as to disqualify him by law from serving on the jury. It shall be the duty of the court to hear immediately such evidence as may be submitted (the juror being a competent witness) in relation to the truth of these objections; and if he shall be satisfied of the truth of either, the juror shall be set aside for cause. If either one of these objections be true in fact, but the fact is unknown to either party, or the counsel of such party, at the time the juror is under investigation, and is subsequently discovered, such objection may be made, and the proof heard at any time before the prosecuting counsel submits to the jury any of his evidence in the case; but if known to the party or his counsel, the objection must be made before the juror is sworn in the case."

The case of *Wright* v. *Smith,* 104 *Ga.* 174 (30 S. E. 651), was one in which the losing party was related to one of the jurors within the prohibited degree, and the relationship was not discovered until after verdict. It was held: "Relationship of jurors within the prohibited degrees to the unsuccessful party in the case, although unknown to such party or his counsel until after verdict, is not sufficient ground for a new trial, especially in a case where the verdict was manifestly right." In an elaborate opinion by Lewis, J., it was stated that the verdict was "not an absolute nullity, but only voidable," and being such, the parties could waive the disqualification of a juror; but that where the relationship was between the juror and the unsuccessful party to the case, the relationship would be presumed to be favorable to that party, and the court would not grant a new trial merely because of such relationship. The opinion in the case above cited was reaffirmed in *Sikes* v. *State,* 105 *Ga.* 592 (31 S. E. 567), all the Justices concurring; and in *Downing* v. *State,* 114 *Ga.* 30 (39 S. E. 927). See also *McCrimmon* v. *State,* 126 *Ga.* 560 (55 S. E. 481).

The Court of Appeals, in *Olliff* v. *State,* 1 *Ga. App.* 553 (57

S. E. 941), declined to extend the rule above announced to the case of the disqualification of a judge; and the Supreme Court is now asked whether the Court of Appeals should follow the decision of that court last mentioned, or extend the rule above announced, with respect to the refusal to grant new trials on account of disqualification of jurors, to cases of disqualification of judges. The statute (Civil Code, § 4642) in regard to the disqualification of judges declares: "No judge or justice of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission, can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity, or affinity, nor of which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without the consent of all the parties in interest: Provided, that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appointment as judge, he shall preside in such cases if the opposite party or counsel agree in writing that he may preside, unless the judge declines so to do." This section of the code was construed and applied in *Rogers* v. *Felker,* 77 *Ga.* 46, where a defendant, being the losing party, was related within the prohibited degree to a justice of the peace who rendered the decision. It was held that the judgment was voidable, but not void. In *Shope* v. *State,* 106 *Ga.* 226 (3), 228 (32 S. E. 140), it was held: "Disqualification of a judge on account of his relationship to such persons may be waived, and it is not essential that the waiver be made expressly or in writing." See also *Beall* v. *Sinquefield,* 73 *Ga.* 48. According to these rulings, the disqualification of the judge has the same effect, under the Civil Code, § 4642, relatively to the validity of the judgment, as, under the Penal Code, § 999, the disqualification of a juror by reason of relationship to one of the parties would have upon the verdict, where the relationship is not discovered until after verdict. There is no such difference in the two statutes as to afford a reason for holding, in the case of the juror, that relation to the losing party within the prohibited degree, discovered after verdict, would not afford a ground for new trial, but that in case of such disqualification of the judge it would afford ground for a new trial. All the reasons given in the cases cited,

why relationship between a juror and the losing party would not afford him ground for a new trial, are applicable in case of such relationship to the judge. It follows that the first question must be answered in the negative. Having reached this conclusion, it becomes unnecessary to make further reference to the ruling in *Olliff* v. *State,* supra, to which the second question relates.

*All the Justices concur.*