### 7039. PARKER v. THE STATE.

WADE, C. J. 1. In answer to a question certified by this court in this case, the Supreme Court holds: "Where a judge presiding in the trial of a criminal case is related to the defendant within the fourth degree of consanguinity, and neither the defendant nor his counsel has knowledge of the existence of such relationship until after the trial, the mere fact that such relationship existed will not require the grant of a new trial." *Parker* v. *State,* 146 *Ga.* 131 (90 S. E. 859).

2. Only a full bench can set aside a previous ruling of this court, but, under the above ruling of the Supreme Court on the precise question involved, the holding in *Olliff* v. *State,* 1 *Ga. App.* 553 (57 S. E. 941). to the contrary effect, will not be followed, since the decisions of the Supreme Court are binding upon the Court of Appeals as precedents.

3. Where a new trial is sought on the ground that one of the jurors who rendered the verdict expressed an opinion before the trial, as to the guilt of the accused, the trial judge occupies the place of a trior; and this court will not reverse a finding that the juror was impartial, unless under all the facts it appears that the discretion of the trial judge was abused.

4. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.    Hodges, J., absent.*
DECIDED DECEMBER 11, 1916.

Accusation of sale of liquor; from city court of Sylvania—Judge T. J. Evans.    October 1, 1915.

*J. W. Overstreet, M. R. Lufburrow,* for plaintiff in error.

*A. B. Lovell, solicitor,* contra.