## CAMBRON, or CAMERON, v. THE STATE.

1. A person whose wife is a first cousin to B is not competent to serve as a juror upon the trial of A where A and B are jointly indicted for murder, and, the defendants having elected to sever, A is first placed upon trial.

Juries, 35 C. J. p. 320, n. 28, 29.

2. Two persons jointly indicted for murder elected to sever, and A was first placed on trial (thus postponing the result as to B to the verdict in the case of A) ; and after a jury had been selected and sworn and several witnesses had testified for the State, one of the jurors in the trial of A announced to the court that his wife was a first cousin to B. This statement of the juror was not controverted, but seems to have been accepted as true by the judge and all parties to the cause. Under these circumstances the court did not err in directing a mistrial over the objections of A, regardless of the fact that when the jury was being selected the jurors were asked whether they were related to A, but no inquiry as to their relationship to B was made.

No. 5553. April 15, 1927.

The Court of Appeals (in Case No. 17311) requested the instruction of the Supreme Court upon the following questions, stating that a determination thereupon is necessary for the decision of the case in the Court of Appeals:

"1. Where two persons, A and B, are jointly indicted for murder, and they elect to sever, and A is first placed upon trial, is a person whose wife is a first cousin to B competent to serve as a juror upon the trial of A?

"2. If the above question is answered in the negative, then an answer is requested to the following question: A and B were jointly indicted for murder. They elected to sever, and A was first placed on trial. He waived formal arraignment and pleaded not guilty. A jury was selected and sworn, and several witnesses had testified for the State when one of the jurors announced to the court that his wife was a first cousin to B. This statement of the juror was not controverted, but seems to have been accepted as true by the judge and all parties to the cause. When the jury was being selected the jurors were asked whether they were related to A, but no such inquiry as to their relationship to B was made. The court, over the objections of A, declared a mistrial. Under these facts was the declaring of a mistrial proper and correct?"

*Harwell, Fairman & Barrett,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *E. A. Stephens, J. H. Hudson,* and *J. W. LeCraw,* contra.

Russell, C. J. A was jointly indicted with B for murder, and, as appears from the statement of facts in the second question, they elected to sever and the State chose to first place A on trial. "He waived formal arraignment and pleaded not guilty.

A jury was selected and sworn and several witnesses had testified for the State when one of the jurors announced to the court that his wife was a first cousin to B." Upon this, in some way not disclosed. by the first question propounded by the Court of Appeals, an issue of law was presented to the court as to whether a person whose wife is the first cousin to one jointly indicted for murder . with the person then on trial is competent as a juror in the case. We are of the opinion that the question should be answered in the negative. We have been unable to find a case in the decisions of this court upon the precise point presented by this particular instance, but upon principle it is clear that the court can not fail to take judicial notice of such motives or natural interest in the result of a trial as will affect the great rank and file of humanity and deprive a party of a jury composed of men omni exceptione majores. If the law may presume, as it does, that a person whose wife is a first cousin of B is for that reason incompetent to participate as a trior in passing upon the guilt or innocence of B, must not the judicial knowledge of the court go to the extent that the juror, mindful of the fate of B as a natural result of the trial of A, will feel an undue interest in the acquittal of A? We think so; and as laid down by Chief Justice Jackson in *Ledford* v. *State,* 75 *Ga.* 856, 858, in holding that a kinsman of the prosecutor will be disqualified though the State is the party, "It would be too dangerous a precedent to allow the juror to assert that he was ignorant of the relationship till after trial, too. The principle on which the law rejects him is that he is not impartial; the same objection lies to his assertion that he was ignorant of the relationship at the time of the trial, after he had assisted in the conviction." As said by the writer in *Temples* v. *Central of Ga. Ry. Co.,* 15 *Ga. App.* 115, 119 (82 S. E. 777): "Running through the entire fabric of our Georgia decisions is a thread which plainly indicates that the broad general principle intended to be applied in every case is that each juror shall be so free from either prejudice or bias as to guarantee the inviolability of an impartial trial. . . As we see it, the cardinal underlying principle in every adjudication in Georgia in which a juror has been held to be incompetent is that upon the discovery of facts which, without dispute, or in the court's judgment if there is conflict in the evidence, evince good reasons for interest

8

or bias in the case, the court will take judicial knowledge of the fact that in all human probability the influence disclosed would operate upon a juror and move him to act in accord therewith. . . When, according to universal human experience, the inherent probabilities of the circumstances by which the juror is environed and to the influence of which he is to be subjected compel the conclusion, in accord with the court's judicial knowledge, that the . juror will naturally be affected by his interest, it can not be held, as a matter of law, that the juror will contribute to, or is qualified to sit in, an impartial trial as guaranteed by the constitution, certainly not if the requirement that jurors be omni exceptione majores extends to debar jurors when there is a suspicion or ground for suspicion, as has several times been held by the Supreme Court. In the interest of fair trial, if error is to be committed, let it be in favor of the absolute impartiality and purity of the jurors, rather than in a too-technical observance of the letter of cases previously adjudicated and an attempt to bring the facts of other cases within some particular ruling."

In our sister States of Mississippi and Alabama the precise points now before us have been squarely decided. In Smith *v.* State, 61 Miss. 754, it was held that the court properly set aside a juror in a criminal case who was a cousin of one indicted for the same offense as the defendant. In Thomas *v.* State, 133 Ala. 139 (32 So. 250), the Supreme Court of Alabama held: "Under Code, § 5016, declaring that a juror may be challenged for cause if he is related within certain degrees to 'the defendant, or with the prosecutor, or the person alleged to be injured,' a juror who was not related to defendant, but was related to a person awaiting trial under a separate indictment for complicity in the same murder, was subject to challenge for cause." In Moore *v.* State, 146 Ala. 687 (40 So. 345), the Supreme Court of Alabama ruled that "A juror is subject to challenge for cause on the ground of relationship to one jointly indicted with defendant for murder, though the relative of the juror is not on trial." These rulings all go back to the original principles so often enunciated by this court that the court is bound to take judicial notice of universal, ever-present motives of human interest which may be presumed to be generally, if not universally, operative. For this reason, the court properly held that the juror whose wife was a first cousin to

B, who was to be tried for the same murder, was not such an impartial juror in the trial of A as the prosecution was entitled to have.

2. The second headnote does not require elaboration.

*All the Justices concur.*