25847. LANCASTER *v.* THE STATE.

DECIDED OCTOBER 23, 1936.

H. A. Boykin, for plaintiff in error.
W. G. Neville, solicitor, contra.

BROYLES, C. J.   ■ There is no merit in the grounds of the demurrer to the indictment (charging the defendant with the commission of perjury), contending that the indictment is defective and insufficient, because it "shows upon its face that the oath administered to him the said Henry Lancaster [the defendant in the

instant perjury case], in the case of the State of Georgia *v.* Rude Usher, charged with the offense of murder, was not legally administered," in that "the indictment fails to allege that W. G. Neville, solicitor-general of the superior court in and for said county [Effingham], who administered the oath to said Henry Lancaster, was ordered or empowered by the court so to do." The indictment alleges that before Henry Lancaster testified in the case of the State of Georgia *v.* Rude Usher, charged with the offense of murder, "a lawful oath" was administered to him "in open court by W. G. Neville as solicitor-general of the superior court in and for said county, in a judicial proceeding, to wit, in the case of the State of Georgia *v.* Rude Usher, charged with the offense of murder, and then and there being tried in said superior court of Effingham County." In view of the foregoing allegations in the indictment it will be presumed that the solicitor-general, as the organ of the court, administered the oath with the consent, and by the implied direction, of the court, and it was unnecessary to allege in the indictment that the solicitor-general was ordered or empowered by the court to administer the oath. See *Thomas* v. *State,* 67 *Ga.* 460 (2), 463; *Sikes* v. *State,* 105 *Ga.* 592 (2), 594 (31 S. E. 567); *Baker* v. *State,* 97 *Ga.* 347, 349 (23 S. E. 829). The other grounds of the demurrer are not argued or insisted on in the brief of counsel for the plaintiff in error, and therefore are treated as abandoned.

■ The excerpts from the charge to the jury, complained of in special grounds 3 and 4 of the motion for new trial, when considered in the light of the entire charge and the facts of the case, were not erroneous for any reason assigned.

■ Ground 5, complaining of the court's failure to give in charge to the jury certain things set out in the ground, is too vague and indefinite to raise any question for consideration by this court. It is not stated in the ground that such a charge was demanded or authorized by the evidence or the defendant's statement, or why the failure so to charge was error. *Allen* v. *State,* 8 *Ga. App.* 284 (2) (68 S. E. 1009); *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124); *Hudson* v. *State,* 26 *Ga. App.* 596 (4), 599 (107 S. E. 94), and cit.

■ Ground 6 complains of the admission of the testimony of the solicitor-general, who was a witness in the case. The testimony is set out in the ground, and is very lengthy; and it is al-

leged that the court erred in admitting it. It is apparent on the face of the record that a considerable part of the testimony was properly admitted. The objection being to the admission of all the testimony, and some of it being admissible, its admission, over such objection, is not cause for a new trial. *Adams* v. *State*, 27 *Ga. App.* 48 (107 S. E. 388), and cit. However, the ground further shows that although the defendant objected to the lengthy evidence (covering over seven pages of the record) of the solicitor-general, in its entirety, he also objected to certain portions of it. The ground sets out the portions of the testimony objected to, the objections made, and the ruling of the court thereon. After a careful consideration of the ground, it is the conclusion of this court that none of the rulings complained of therein, if erroneous, require a new trial.

■ "In the absence of a request to charge upon confessions and admissions, failure of the court to instruct the jury on those subjects is not ground for the grant of a new trial." *Whitfield* v. *State,* 51 *Ga. App.* 439 (5) (180 S. E. 630), and cit.

■ The evidence authorized the defendant's conviction of the offense charged. The refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*