## 29655. JONES *v.* THE STATE.

DECIDED OCTOBER 29, 1942.

*Douglas F. Thomas,* for plaintiff in error.

*W. Glenn Thomas, solicitor-general,* contra.

GARDNER, J. 1. Ground 1 complains of error because the court, during the charge covering the law as applied to impeachment of witnesses, used the phrase "in a word." The court fully charged the law applicable to the case regarding the method of impeaching witnesses. He then used the phrase quoted, in the following connection: "In a word, it is the exclusive province of the jury under all the attendant circumstances and conditions to determine whether a witness has been successfully impeached by any of the legal methods." The words were merely an introductory or arresting phrase in the sense in which they were used. There is no merit in this contention.

2. In special ground 2 a new trial is asked for the reason that one of the jurors who returned the verdict was a second cousin of a co-defendant who was sworn as a witness for the State. The jury was purged as to both defendants with reference to relationship. "The fact that a juror is related within the prohibited degree to a witness for the State in a criminal prosecution does

not render him incompetent to serve as a juror upon the trial of the case." *Williams* v. *State,* 23 *Ga. App.* 518 (98 S. E. 557); *Atlantic &c. R. Co.* v. *Mead,* 22 *Ga. App.* 70 (95 S. E. 476); 16 R. C. L. 259, § 77. In the instant case, the witness was a co-defendant, and, even if the juror were related within the prohibited degree to the witness, this relationship can not be presumed to have been prejudicial to the accused, but on the contrary the presumption is that it was beneficial to him. In *Cambron* v. *State,* 164 *Ga.* 111 (137 S. E. 780), this court certified to the Supreme Court the question: "Where two persons, A and B, are jointly indicted for murder, and they elect to sever, and A is first placed upon trial, is a person whose wife is a first cousin to B competent to serve as a juror upon the trial of A?" In that case, the relationship was discovered during the trial, and the court, over the objection of A, declared a mistrial. The Supreme Court ruled that "the court properly held that the juror . . was not such an impartial juror in the trial of A *as the prosecution* was entitled to have." (Italics ours.) Even the fact that a judge who presided on the trial of a criminal case was disqualified to do so is not necessarily cause for a new trial. In *Parker* v. *State,* 146 *Ga.* 131 (90 S. E. 859), the Supreme Court, in answering a certified question, held as follows: "Where a judge presiding in the trial of a criminal case is related to the defendant within the fourth degree of consanguinity, and neither the defendant nor his counsel has knowledge of the existence of such relationship until after the trial, the mere fact that such relationship existed will not require the grant of a new trial." In the opinion in that case the court cited *Wright* v. *Smith,* 104 *Ga.* 174 (30 S. E. 651). In the latter case the losing party was related within the prohibited degree to one of the jurors, and the relationship was not disclosed until after the verdict. The Supreme Court held: "Relationship of a juror within the prohibited degrees to the unsuccessful party in the case, although unknown to such party or his counsel until after verdict, is not sufficient ground for a new trial, especially in a case where the verdict was manifestly right." In the opinion it is stated that "Such a verdict is not an absolute nullity, but only voidable;" and that the relationship would be presumed to be favorable to the unsuccessful party, and the court would not grant a new trial

merely because of such relationship. The decision in *Wright* v. *Smith,* supra, was reaffirmed in *Sikes* v. *State,* 105 *Ga.* 592 (31 S. E. 567), and in *Downing* v. *State,* 114 *Ga.* 30 (39 S. E. 927). The court further held in *Parker* v. *State,* supra: "All the reasons given in the cases cited, why relationship between a juror and the losing party would not afford him ground for a new trial, are applicable in case of such relationship to the judge." Such reasons are also applicable to the facts of the instant case, where the relationship was between a juror and a witness for the State who was a co-defendant and the son-in-law of the defendant. The verdict in this case was "manifestly right," as is shown by the abandonment by counsel for movant of the general grounds of the motion for new trial. This ground is without merit.

3. Ground 3 contends for a reversal on account of newly discovered evidence. At best the evidence is only cumulative and impeaching and for this reason the ground is without merit. Code § 70-204, and cit. Aside from the fact that the newly discovered evidence is only impeaching and cumulative, the counter-showing of the State on this issue was resolved against the defendant by the judge. We find no merit in this ground.

4. Ground 4 complains because the court failed to charge the principle of law applicable to alibi. Our Code, § 38-122, declares: "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." The evidence did not measure up to the principles of law thus announced. The fact that the defendant was not in conversation with the co-defendant on the fourth Sunday in April did not prove that he could not have formed a conspiracy, on another day, prior to the taking of the cattle, in an admitted conversation which he had with the co-defendant.

5. The general grounds are not argued, and are therefore considered as abandoned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*