## 35062. McDonald *v.* The State.

Townsend, J.   1. Where, as here, a defendant is charged with the offense of assault with intent to rape, and is convicted of assault and battery, and where the court, in connection with the major offense, defines assault, and thereafter instructs the jury that, if they should not be convinced beyond a reasonable doubt that the defendant committed the assault as described in the indictment, with the intent to rape, it would then be their duty to see whether he was guilty of the lesser offense of assault and battery, and should they find that, if he committed such assault and committed a battery upon the person named, without intent to rape, he would be guilty of assault and battery—such charge is not erroneous as not defining the law of battery, as being misleading in using the words *assault* and *battery* interchangeably, or for any other reason assigned. The defendant here did not set up assault and battery as his sole defense, but contended that he was guilty of no offense whatever. *Gaither* v. *State,* 63 *Ga. App.* 414 (4) (71 S. E. 2d 254); *McCullough* v. *State,* 10 *Ga. App.* 403 (3) (73 S. E. 546).

2. "Impeachment of witnesses is a collateral matter, and omission to charge the law on that subject is not cause for reversal where an appropriate request was not made for instruction on that subject. *Downing* v. *State,* 114 *Ga.* 30 (3) (39 S. E. 927); *Howell* v. *State,* 160 *Ga.* 899 (12) (129 S. E. 436)." *Douberly* v. *State,* 184 *Ga.* 573 (5) (192 S. E. 223). The failure of the trial court here to give in charge to the jury the provisions of Code § 38-1806, relating to impeachment of witnesses, was not error where the court charged the principles of law relating to the credibility of witnesses generally.

3. The verdict of assault and battery was amply authorized by the testimony of the prosecutrix, which was corroborated by that of other witnesses, to the effect that she was bruised and beaten by the defendant, as shown by marks upon her body and her torn clothing.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided March 11, 1954.

*Elie L. Holton, James L. Boatwright,* for plaintiff in error. *W. Glenn Thomas, Solicitor-General,* contra.