## 36287.   LITTLE *v.* THE STATE.

Decided November 13, 1956.

558

*Smith B. West, R. B. Lambert,* for plaintiff in error.

*Paul Webb, Solicitor-General, Charlie O. Murphy, Eugene L. Tiller,* contra.

GARDNER, P. J. ■ Although the evidence is somewhat conflicting, the jury was sufficiently impressed by the evidence against the defendant to return a verdict of unlawful stabbing. There is sufficient evidence to sustain this verdict. The general grounds are without merit.

■ Special ground 1 of the amended motion for new trial is insufficient to present an issue for determination by this court. It complains that the court erred "in allowing the assistant solicitor-general to plead entrapment and to cross-examine the State's main witness, Willie Price, without laying any such foundation for such plea of entrapment and right to cross-examine this witness when this witness had testified that he did not know who cut him; the only thing he knew was that the one last with him was Mr. Little when they came out of the house (witness's home) "but just knowing that he did it the witness would not say because he just don't exactly know." It then contends that the admission of *this* evidence was harmful, injurious and prejudicial to the defendant "in that the said assistant solicitor was attempting to make the witness testify to something that the witness did not know, and which the said witness had previously said he did not know, and the solicitor was then and there attempting to impeach the State's witness in the presence of the jury because the said witness refused to testify to something the witness did not know."

The evidence referred to in the amended motion as being harm-

ful is thereby shown to be the very testimony of the victim of the stabbing to the effect that he did not know who stabbed him. This testimony could in no wise be harmful to the defendant. This ground of the amended motion then goes on to complain that it was error for the court "to allow the said solicitor to question this witness as to alleged contradictory statements made to the solicitor for the purpose of laying the foundation for impeaching this witness and to substantially prove by another witness for the State that the witness whom it was sought to impeach had previously stated to the solicitor-general that this defendant had stabbed and cut the witness."

The questions propounded by the solicitor and the answers thereto by the witness are not set forth, nor is the name of the other witness whose testimony is complained of shown. Nothing in this special ground indicates that any objection was made to the line of questioning at the time or to the testimony thereby obtained. It does not appear from this ground that any ruling by the court was invoked upon which an assignment of error might be based. The objection appears to be to the testimony of the witness and another as to previous contradictory statements of the witness, elicited by cross-examination. Such an assignment of error should show the substance of the testimony objected to, the name of the witness and that objection was made at the time, setting forth the grounds thereof. See *Adkins* v. *State,* 137 *Ga.* 81 (5) (72 S. E. 897), and *Hunter* v. *State,* 148 *Ga.* 566 (1) (97 S. E. 523).

This special ground shows no reversible error. The other special grounds are without merit.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. The facts upon which I concur in the judgment of affirmance, from a construction of the evidence in the case most favorable to the verdict, are as follows: The defendant and Speer went to Price's home at about 8 p.m. to collect a bill in response to a telephone call from Price and on their way home from an afternoon of squirrel hunting; Speer remained in the car while Little went to the house and got the money; Little was angry and cursing because Price only gave him $15 and he thought he would have $50 for him; Little and Price

walked toward the car together from the house and there was a scuffle in the yard, as evidenced by marks on the dirt, and Price was severely stabbed. Little and Speer drove away. Between, 9 and 9:30 while officers were at Price's home investigating the stabbing Little drove by and fired twice at the house. Price, at the hospital and very weak from loss of blood, stated that Little had stabbed him, but on the trial of the case he testified that he did not know who had stabbed him, that whoever it was, he hit him with a stick. Little was arrested shortly after midnight. His arm was bruised and swollen and had been wrapped up, and there was in the car a shotgun with a strong smell of powder indicating it had been fired within three to five hours previously, and an open knife with a red stain on it which the defendant admitted belonged to him. Questioned about the bruise on his arm he said he had sprained it; when the officer observed that it was not a sprain but a bruise he said he had been drunk and fell out of the automobile.

No one except the defendant and his companion Speer testified that there were other persons outside of Price's house when they went there or that Price walked out in front of the car, and the jury obviously disbelieved this part of the testimony and statement. The remaining evidence was amply sufficient to support the verdict. As to the remaining special grounds, testimony as to the finding of the shotgun and shells and their admission in evidence was not error in view of testimony that Little fired a shotgun at Price's home shortly after the stabbing. Evidence that he was drunk when apprehended was not error in view of his statement to the officer that he bruised him arm because he was drunk and fell out of the car. Since there was both direct and circumstantial evidence in the case, the court did not err in the absence of request in failing to define circumstantial evidence in his charge to the jury. *Strickland* v. *State*, 167 *Ga.* 452 (145 S. E. 879). Neither did the court err in the absence of request in failing to charge on the subject of alibi. Alibi as a defense involves the impossibility of the defendant's presence at the scene of the offense at the time of its commission, and where the evidence for the defendant fails to reasonably exclude the possibility of his presence at the scene of the offense, failure to charge on the subject is not error. The evidence for the defendant places him

in front of Price's home at the very time when, under the evidence for the State, the stabbing occurred. In this connection see *Weaver* v. *State,* 199 *Ga.* 267 (2) (34 S. E. 2d 163); *Mathis* v. *State,* 153 *Ga.* 105 (111 S. E. 567); *Jackson* v. *State,* 172 *Ga.* 575 (158 S. E. 289).