### 41375. FINGER v. THE STATE.
### 41376. LONG v. THE STATE.

PANNELL, Judge. 1. Where the prosecutor is the father-in-law of a person to whom a juror is related in the fifth degree under the civil law, such juror is not disqualified under the Act of 1935, approved March 28, 1935 (Ga. L. 1935, p. 396; *Code Ann.* § 59-716), which provides that a juror "related by consanguinity or affinity to any party interested in the result of the case . . . within the sixth degree," shall be disqualified to act, this for the reason that while the daughter-in-law of the prosecutor is related to the prosecutor by affinity, this does not make the relatives of the daughter-in-law relatives of the father-in-law. *Burns v. State,* 89 Ga. 527 (15 SE 748); *Central R. &c. Co. v. Roberts,* 91 Ga. 513 (18 SE 315); *Edge v. Calhoun National Bank,* 155 Ga. 821 (3) (118 SE 359).

2. While the fact that one of the jurors, upon the joint trial of two defendants jointly indicted for the offense of assault with intent to murder, was, unknown to the defendants, related in the fifth degree to the wife of one defendant, would disqualify the juror (Ga. L. 1935, p. 396; *Code Ann.* § 59-716), it would not be grounds for reversing the conviction on such charge of the defendant to whom the juror was related (*Downing v. State,* 114 Ga. 30 (1) (39 SE 927)) for the reason that the relationship would be presumed to be favorable to that defendant (*Wright v. Smith,* 104 Ga. 174 (30 SE 651); *Parker v. State,* 146 Ga. 131, 132 (90 SE 859)); yet, it is apparent that such presumption of favor did not exist as to the other defendant, and a juror not qualified to serve, having served, would be grounds for voiding the trial, even though the latter defendant complaining be convicted for the lesser offense of assault and battery.

3. Whether the beating of the prosecutor with a shotgun and jumping on him and stomping him with feet was done with a weapon likely to produce death was, under the facts of this case, a matter for the jury. *Prior v. State,* 41 Ga. 155.

4. The evidence was sufficient to authorize the verdict of the jury in each case.

*The judgment of the trial court in overruling the motion for new trial in Case No. 41376 is affirmed. Judgment reversed in Case No. 41375. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED JUNE 8, 1965—DECIDED SEPTEMBER 8, 1965.

*Wyatt & Wyatt, L. N. Wyatt,* for Finger.
*George H. Carley, Wyatt & Wyatt,* for Long.
*Wright Lipford, Solicitor General,* contra.