### 41970. PRYOR v. THE STATE.

DEEN, Judge. ■ The automobile which the accused was accused of stealing disappeared from a downtown Atlanta parking lot between 1:25 p.m. and 1:30 p.m., and was found at 2:20 p.m. some 5 to 7 miles away with the defendant sitting inside with the keys in his pocket. The defendant testified, without offering any other corroborative testimony, that he did not steal the car but agreed to watch it for some unidentified man; that he had left the school he was attending at noon, had arrived by bus in downtown Atlanta at 12:45, and had agreed to watch the automobile at about 2:15. He made contradictory statements as to whether he had walked or taken a bus from downtown Atlanta to the area in which he was found. Indubitably, the defendant's testimony, as to his whereabouts, even if believed by the jury, did not exclude the possibility of his presence at the place where the automobile was stolen at the time it disappeared, and thus failed to measure up to the requirements for establishing the defense of alibi. *Code* § 38-122; *Weaver v. State,* 199 Ga. 267 (2) (34 SE2d 163); *Jones v. State,* 68 Ga. App. 210 (4) (22 SE2d 671); *Little v. State,* 94 Ga. App. 557, 560 (95 SE2d 474). It was not error in the absence of request to fail to instruct the jury on the defense of alibi.

2. In the absence of request it is not error to fail to instruct the jury on the law of admissions and confessions contained in *Code* § 38-420. *Cantrell v. State,* 141 Ga. 98 (2) (80 SE 649).

3. "On the trial of one charged with larceny, where it is shown by the evidence that recently after the commission of the offense the stolen goods were found in the possession of the defendant, that fact, while it would not require them to do so, would authorize the jury to infer that the accused was guilty unless he explained his possession to their satisfaction." *Hansford v. State,* 83 Ga. App. 502 (64 SE2d 459) and cita-

tions. The defendant's uncorroborated testimony that he had a conversation with a stranger who turned over the keys of the car to him asking that he "watch" the car, at which time the defendant claimed to have told the person that he would watch it for a while, and that if he left he would take the keys to his home with him where the stranger could find them, might understandably have been found implausible by the jury trying the case. The automobile was recovered within an hour from the time of the theft, and the defendant's possession, not satisfactorily explained, is a sufficient circumstance from which the jury might infer guilt.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED MAY 3, 1966—DECIDED MAY 13, 1966.

*Robert J. Golden,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, George K. McPherson, Jr., Amber W. Anderson,* for appellee.