## 57033. SWEATT v. THE STATE.

Shulman, Judge.

This appeal follows defendant's conviction for theft of a motor vehicle. See Code Ann. § 26-1813. We affirm.

1. At trial, defense counsel made an opening statement following the close of the state's evidence. In his opening statement, defense counsel related that he expected to prove that two others stole the truck; that appellant was a hitchhiker who had the misfortune of being a passenger in the stolen vehicle; that the two thieves abandoned the truck; and that the accused was apprehended while on his way to return the truck to its rightful owner. After counsel made this statement, the defense rested without presenting any evidence.

In closing arguments, the district attorney argued to the jury as follows: "At the beginning of my opening statement I told you that nothing that I said, or anything the defense attorney . . . said should be regarded as evidence, it is merely what we expect the evidence to show. Now anything that he got up here and told you is not evidence. The defendant certainly did not take the stand." After the court rebuked the assistant district attorney and fully instructed the jury to disregard any comment concerning the accused's failure to testify, the assistant district attorney continued his argument to the jury by discussing reasonable doubt, and stated: "[Y]ou don't have any other reason [for entertaining a reasonable doubt] in this case, you've got absolutely no reason. The only reason you're going to get is one that is going to come from the mouth of the defense."

Counsel for defendant submits that the court erred in denying his motions for mistrial, which motions were made on the basis that the state had impermissibly commented on the defendant's failure to testify. See Code Ann. § 38-415. We find no such error.

As to the first statement, the trial court's curative action eliminated the assistant district attorney's improper comment from jury consideration. *Lingerfelt v. State,* 238 Ga. 355 (5) (233 SE2d 356). The second comment was a permissible reference to the issues raised by defense counsel's opening statement and did not amount to a comment on the accused's failure to testify. *Ingram v. State,* 134 Ga. App. 935 (9) (216 SE2d 608). Cf. *Wood v. State,* 234 Ga. 758 (2) (218 SE2d 47).

As we find that the assistant district attorney's statements do not warrant a new trial, we need not

consider the state's contention, citing *Rivers v. State,* 147 Ga. App. 19 (3) (248 SE2d 31), that the defense counsel's opening statement opened the door for comments on the accused's failure to testify. But cf. *Lindler v. State,* 149 Ga. App. 155 as to the scope of permissible rebuttal where character evidence is concerned.

2. Appellant's contentions to the contrary notwithstanding, venue was sufficiently established. Direct testimony established that the truck that defendant was accused of taking was last seen in the Richmond County, Georgia, parking lot of the company owning the vehicle. This was sufficient evidence. *Livingston v. State,* 18 Ga. App. 679 (1) (90 SE 287).

3. Evidence was presented authorizing a finding that appellant was apprehended while driving a Goodyear service truck which had been stolen from a Goodyear service store in Richmond County. As unexplained possession of recently stolen property will support an inference of guilt, the motion for directed verdict was properly denied. See generally *Pryor v. State,* 113 Ga. App. 660 (3) (149 SE2d 401); *Bowen v. State,* 139 Ga. App. 190 (228 SE2d 187); *Chandler v. State,* 138 Ga. App. 128 (3) (225 SE2d 726).

*Judgment affirmed. Deen, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED APRIL 4, 1979 — REHEARING DENIED APRIL 30, 1979.

*Charles A. DeVaney,* for appellant.

*Richard E. Allen, District Attorney, Michael C. Eubanks, Assistant District Attorney,* for appellee.