## 65288. BROWN v. THE STATE.

McMurray, Presiding Judge.

Defendant was convicted of the offense of theft by taking of a motor vehicle allegedly having a value of $400, with the intention of depriving said owner of said property. Defendant appeals enumerating error as to the sufficiency of the evidence (verdict contrary to the weight of evidence, law and principles of law and equity). *Held:*

Counsel for defendant argues that the defendant was found in possession of the stolen automobile, but since there were no eyewitnesses to the taking of the vehicle his guilt was all circumstantial and the proved facts must not only be consistent with the hypothesis of guilt but must exclude every other hypothesis save that of the guilt of the defendant. The state's evidence established that on the day after the car was reported stolen the defendant was in the automobile driving toward the city where the automobile was reported stolen. He was then found in possession of the stolen vehicle in another county some 90 miles distant, six days after the car was reported stolen. Unpersuasively, defense counsel argues that it is unreasonable to conclude that the defendant knew he was in possession of a stolen vehicle, yet was going back to the city from which he allegedly stole it less than 24 hours after it was stolen. Counsel further argues it is also unreasonable for defendant to keep an automobile for six days after he allegedly stole it, especially since he constantly drove it in a city less than an hour from the site from which it was stolen. We do not agree that the circumstances support more than one theory, one consistent with guilt and the other with innocence. Unexplained possession of recently stolen property will certainly support an inference of guilt. See *Sweatt v. State,* 149 Ga. App. 717, 719 (3) (256 SE2d 28). Reviewing the evidence in the light most supportive of the jury verdict, as we must, after examination of the record and transcript and finding no errors prejudicial to the defendant's rights, it is apparent a rational trier of fact (the jury in the case sub judice) could reasonably find from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). There is no merit in defendant's enumeration of error.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 4, 1983.

*G. Kyle Weeks,* for appellant.
*H. Lamar Cole, District Attorney, James Thagard, Assistant District Attorney,* for appellee.