## A96A0581. BANFIELD v. THE STATE.
### (471 SE2d 16)

RUFFIN, Judge.

Wilmer Banfield and a co-defendant were indicted for possession of cocaine. The cases were severed for trial, and Banfield was convicted of the offense. He appeals from the denial of his motion for new trial. In his sole enumeration of error, Banfield contends the trial court erred in excusing for cause a prospective juror who was the father of his co-defendant. We disagree. Under *Cambron v. State*, 164 Ga. 111 (1) (137 SE 780) (1927), the relative of a co-defendant not on trial is not competent to serve as a juror in the trial of the case.

The pristine status of a prospective jury should not be compromised by the presence of a relative of a co-defendant on the jury panel. As well intentioned as a juror may be, the delicate balance between subjectivity and objectivity may be skewed to one extreme or the other. The prismal perception is that human nature should not be subjected to such chance. We should be governed by the rule of reason rather than the rule of rapture. Moreover, while we embrace trial by a jury of one's peers, we have not yet come to embrace trial by a jury of one's relatives, including, as it were, a relative of one's co-defendant. Concluding that the trial judge did not err, the judgment is affirmed.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED APRIL 4, 1996 —
RECONSIDERATION DENIED APRIL 16, 1996 — 

*Randall M. Clark*, for appellant.
*Dupont K. Cheney, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.