### 2933.  STANLEY *v.* LIVINGSTON.

The finding of the jury was authorized by the evidence, and it was not error to refuse a new trial even though the charge of the court upon one point in the case was inapplicable. It is clear that the charge of the court was not harmful to the plaintiff in error.

DECIDED JULY 25, 1911.

Complaint; from city court of Valdosta—Judge Cranford. September 2, 1910.

*James M. Johnson,* for plaintiff in error. *Patterson & Copeland,* contra.

RUSSELL, J. Livingston sued Stanley for the value of certain cross-ties which he alleged the latter had cut from a land lot of which he alleged he was the owner. It is plain from the record that the only issue of fact which the jury had to determine was what was the true boundary line between lots of land numbers 194 and 195 in the eleventh land district of Lowndes county. It was admitted in the pleadings that the plaintiff was the owner of the lot which he claimed, and it is not denied that the defendant cut some cross-ties. The only question, therefore, was whether the cross-ties which Stanley cut were north of the original land line between the two lots. The evidence upon this point was sufficient to authorize the jury to find that Stanley cut his cross-ties from Livingston's land, however innocent may have been his intentions, and no matter how strongly he may have previously been convinced that the land from which they were cut was his own.

A contrary finding upon this point, it is true, would also have been authorized by the evidence, but the prerogative of the jury to find the facts in cases of dispute can not be questioned. The verdict in favor of the plaintiff was one for the proved value of the

ties, so that it is plain that the jury did not add anything on account of the element of wilfulness. There are several exceptions to the charge of the court, and also an assignment of error based upon the fact that the court asked C. I. Shelton, one of the witnesses, what was the stumpage value of the ties in question. The question the court asked was a very natural one. The stumpage value of a tree is understood to be merely the value of a tree of standing timber, and if the jury only allowed the plaintiff the stumpage value of trees cut from the plaintiff's own land, certainly there could be no cause for complaint.

As to the exceptions to the instructions of the court to the jury, they are without merit unless it be that the evidence does not authorize the charge in regard to the establishment of the line between adjoining landholders by acquiescence and agreement for the period of seven years. We are not certain that the testimony does not so authorize the inference of acquiescence and agreement in a boundary line as to have authorized the charge, but even if it did not, the charge in question was not unfavorable to the defendant in the light of all the facts.          *Judgment affirmed.*