20410.   FELKER *v.* STILL, administrator, etc.

Decided May 14, 1930.   Rehearing denied June 18, 1930.

*J. H. Felker,* for plaintiff in error.
*Orrin Roberts, H. C. Cox,* contra.

Luke, J. The genesis and early history of this case may be ascertained from an inspection of *Felker* v. *Still*, 35 *Ga. App.* 236. In the former adjudication, a money judgment upon a jury verdict was affirmed. Before the remittitur from this court was transmitted to the clerk of the superior court and made the judgment of that court, an amendment was filed enlarging the original affidavit of illegality to the levy of an execution. Subsequently a written motion was filed, alleging the disqualification of the trial judge, and praying that he recuse himself and select another judge to try the case. This motion was overruled by the trial judge, and an exception was taken pendente lite. A demurrer was interposed to the affidavit of illegality as amended; and a motion to strike the demurrer was overruled in so far as it related to the ground of general demurrer, and movant excepted pendente lite. In the bill of exceptions error is alleged upon the exceptions pendente lite.

The assignments of error other than those of a general nature will be disposed of in this opinion in the same order in which they appear in the record.

The alleged ground of the motion that the trial judge recuse himself is that he disqualified himself, under the provisions of the statute, in passing upon a motion for a new trial of an issue joined upon the original affidavit of illegality, whereupon there was a verdict adverse to the defendant, by expressing his approval of the verdict orally in open court. The statute invoked reads in part as follows: "If any judge of any court of this State shall either directly or indirectly express his approval or disapproval in open court of the verdict of the jury in any case tried before him, he shall be disqualified from presiding in such case in event a new trial should be granted." Ga. L. 1918, p. 168 (10 Park's Code Supp. 1922, § 5933 (b)).

In this instance in which the motion to recuse was made, the issue then pending and about to be tried was not the same issue upon which a former trial was had. No new trial of the case was awarded upon the former appeal to this court; nor by the trial court upon any issue therein pending. Indeed, it was in the very act of denying a new trial that the trial judge expressed orally his approval of the verdict then under consideration. A trial of an issue of fact can not be termed a new trial unless it be another or second trial for the judicial determination of the same fact. No

such procedure occurred here; and inasmuch as the statute relates only to new trials, it can not apply in this case.

The exception to the action of the court in overruling the motion to strike the demurrer, so far as the motion related to the ground of the general demurrer, seems to be without merit. In the subsequent proceedings, and before the trial, the court, on motion, struck the allegations of the amended affidavit of illegality, excepting only the allegations pertaining to new matters arising since the former judgment. If, then, in these circumstances, it was error to overrule the motion to strike the general demurrer on the ground that it was too late (and it is by no means clear from the record that such was the case), the defendant was in no way prejudiced by that ruling. It was harmless in any event.

No error was committed by the trial judge in permitting the introduction in evidence of the alias execution by the plaintiff for the purpose of making a prima facie case. Certainly, by assuming that burden, the plaintiff was called upon to present evidence for that purpose, and no more unobjectionable evidence than the alias execution can be imagined in a case where the original was shown to have been lost. If the alias fi. fa. had any inherent vice, or was invalid, or was in any way defective, then the burden was upon the defendant to show the specific facts in a proper manner, and this, from the record before us, does not appear to have been done.

In reference to the alleged ground of error that the trial court refused to permit the introduction in evidence of the copy of the will of William L. Boss, save for the purpose of showing good faith on the part of the defendant in fi. fa. upon the question of damages for delay, this court has not now either occasion to review or duty to repeat what was said in its opinion handed down when the case was previously before it, wherein the same ground of error was assigned.

Nor did the trial court err in permitting the original affidavit of illegality to be introduced and made a part of the record of the proceedings. In the circumstances it was the plain duty of the court to ascertain which of the issues then tendered had been previously judicially determined by the court, and, to that end, the court was bound to take judicial notice of every part of the record of its own proceedings in relation thereto.

The objection that one of the members of the jury was dis-

qualified by reason of the fact that he served as a juror upon the trial of another issue in the same case was not presented in due time. After verdict and judgment such an objection comes too late; and neither a lapse of memory nor failure to make a timely investigation affords sufficient excuse.

The charge of the court seems to be fully in accord with the law and the justices of the case, and is therefore approved. There is no merit in the general grounds of the motion for a new trial.

It appearing to this court from the record that this case is one in which damages for bringing up the case for the purpose of delay should be awarded as requested by the defendant in error, it is ordered that ten per cent. damages for delay be awarded the defendant in error, and that this be entered in the remittitur, as provided by section 6213 of the Civil Code (1910).

*Judgment affirmed, with damages. Broyles, C. J., and Bloodworth, J., concur.*