*J. H. Felker,* for plaintiff.
*H. C. Cox* and *Orrin Roberts,* for defendant.

FELKER *v.* STILL, administrator.

No. 9436. JUNE 14, 1933.

*J. H. Felker,* for plaintiff.
*H. C. Cox* and *Orrin Roberts,* for defendant.

BECK, P. J.   J. H. Felker brought his petition against J. T. Still, administrator, making the following allegations:

"1.   That at the last term of said court there was pending in said court the case of J. T. Still, administrator W. L. Boss estate, vs. J. H. Felker, the same being an illegality proceeding against

the levy and sale of property alleged to be that of defendant in fi. fa., said Felker, under an execution marked 'alias fi. fa.' in favor of said Still, administrator, etc., vs. petitioner.

"2. That prior to the calling of said case, which had been placed on the calendar without any notice to petitioner, without any notice to him of any bar meeting to fix a calendar, two of petitioner's friends addressed a note to the attorneys of record for Still, administrator, namely, Orrin Roberts and H. C. Cox, Esquires, said note or letter being as follows:" In the second paragraph of the petition above quoted it is said that the "note or letter is as follows," but no such letter is set forth in the record. The paragraph closing with the words, "said note or letter being as follows," is followed immediately by this language: "Your petitioner was informed by one of these friends that the note or letter had been delivered to said counsel, and that said attorneys seemed to favor and readily agree to such suggestions of settlement; but that they insisted that said affidavit should first be dismissed, that they would endeavor to arrange the matter and would do their part, would not claim damages for alleged delay, and would accept part and give time on the remainder ascertained to be due." And the paragraph last quoted is followed by paragraphs 4, 5, and 6, which are in the following language:

"4. And petitioner shows that it was his understanding that said attorneys would make some effort to come to some agreement about the matter, which was and now is still pending in the Supreme Court of this State; and in fact petitioner understood that said attorney would do as said two parties as mutual friends would recommend, and petitioner never thought that they acceded to the suggested of arrangement so as to get the affidavit of illegality dismissed.

"5. Therefore he complied with their request to dismiss said affidavit, and did dismiss the illegality and take judgment for costs against himself.

"6. The said illegality affidavit then pending was and is as follows:" Then follows the affidavit of illegality, which was dismissed at a former term of the court. It is not necessary here to set forth this affidavit. We only have to decide whether or not the judge erred in dismissing it and in refusing to reinstate it, and in refusing to enjoin the enforcement of it. Following the affidavit of il-

legality is the recital made by petitioner that "The following letter and calculation of interest, etc., was then delivered to J. R. Nunnally, who submitted the same to said attorneys, after court adjourned." Then follows a lengthy letter purporting to have been written by petitioner himself to G. W. Felker and G. R. Nunnally, containing numerous calculations of the amount of principal and interest claimed by the writer of the letter to be correct. This letter is four pages in length, and is signed "J. H. Felker." Following the copy of the letter referred to are the allegations that after the affidavit of illegality had been dismissed, petitioner was surprised that the said attorneys for the plaintiff in fi. fa. "informed said two mutual friends that they would simply stand on the judgments obtained, and would make no other concessions at all, but had ordered the sheriff to advertise the property," etc.; and petitioner charges that said attorneys had taken an undue advantage of him and "had thus fraudulently obtained the dismissal of the affidavit of illegality and said judgment for costs." The prayers of the petition are that Still as administrator and his attorneys be restrained and enjoined from further proceeding to sell the property advertised under the said execution; that the judgment for costs be set aside, and that the affidavit of illegality be reinstated on the docket of the court for trial and disposition; and for general relief. The court sustained a general demurrer and dismissed the petition, and that judgment is excepted to.

The court did not err in sustaining the demurrer. We have quoted in full all of the petition that directly pertains to the controlling issue in this case. It does not show any direct or definite promise on the part of the attorneys for the plaintiff in fi. fa. as to what they would do in case the affidavit of illegality was dismissed. It is true that it does allege that friends of the petitioner made certain statements to the attorneys for the plaintiff in fi. fa., but there is no positive allegation as to a definite statement made by the attorneys for the plaintiff in fi. fa. If the note addressed to the attorneys of record for Still had been set out in this record, it might throw some light upon the question, were its delivery positively shown to have been made. But, as remarked above, that letter, which the petitioner purports to have set forth, is not set forth. It can not be held, upon the vague allegations contained in this petition, that the attorneys for Still were guilty of such fraud as would

authorize the court to set aside the judgment dismissing the illegality after the term of court at which it was rendered. Nor did the fact, as alleged in the second paragraph of the petition, that the case had been placed on the calendar without notice to petitioner, without any notice to him of any bar meeting to fix the calendar, and the case called and acted upon under such circumstances, constitute a fraud upon petitioner. There are no allegations in the petition to show what was the practice in the circuit or at that particular court as to having a bar meeting to set cases on the calendar, or that the petitioner had any right to expect a notice of the time at which the case would be called. Under these circumstances, we do not think that such fraud upon the part of the attorneys for Still has been shown as would authorize the granting of the relief sought by petitioner; and the court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*