23123. FELKER *v.* STILL, administrator.

SUTTON, J. 1. The matters involved in this proceeding have long been the subject-matter of litigation in the courts of this State. For a history thereof see: 158 *Ga.* 343 (123 S. E. 303); 160 *Ga.* 104 (127 S. E. 609); 35 *Ga. App.* 236 (133 S. E. 519); 41 *Ga. App.* 462 (153 S. E. 781). The case now before this court arises out of the filing of another affidavit of illegality attacking the same execution and proceedings thereunder as in the former cases; and in it the defendant in fi. fa., in the main, simply restates, amplifies, and reargues the points made in his former affidavits of illegality, which matters have been finally adjudicated against him. That there was no fraud perpetrated on the defendant in causing him to dismiss one of his former affidavits of illegality to the same execution as in this case, see *Felker* v. *Still*, 177 *Ga.* 30 (169 S. E. 896). As to other matters set up in the affidavit of illegality having been adjudicated in a former proceeding, see that decision.

2. In the present proceeding the trial judge directed a verdict against the defendant in fi. fa. as to all matters set up in his affidavit of illegality as having been adjudicated in former litigation, and instructed the jury that the only issue in the case was the question of damages, and that if they believed that the plaintiff in fi. fa. had shown, by a preponderance of the evidence, that the affidavit of illegality was filed for the purpose of delay only, they could assess damages against the defendant in fi. fa. not exceeding twenty-five per cent. The action of the court in this respect was not erroneous, and the court correctly charged the jury on this issue. *Day* v. *Bank of Sparks*, 26 *Ga. App.* 719 (107 S. E. 272).

3. On the call of the case for trial the defendant, himself a lawyer, stated that he had counsel to represent him, and exhibited a telegram from such counsel that he was ill, that he was so writing to the trial judge, and that he was enclosing in the letter a doctor's certificate. Defendant

asked the trial judge to postpone the case until the next week. The judge overruled the motion for continuance and proceeded with the trial of the case. On the day following the trial the judge received the letter from such attorney, together with the doctor's certificate. "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance: provided, the party making the application will swear that he can not go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only." Civil Code (1910), § 5718. The defendant did not comply with the provisions of this section of the code in making his motion for continuance, and the trial judge did not err in refusing to continue the case.

4. Applying the foregoing rulings, the trial court did not err in overruling the motion for a new trial.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED OCTOBER 21, 1933. REHEARING DENIED DECEMBER 1, 1933.

J. H. Felker, for plaintiff in error.
H. C. Cox, Orrin Roberts, contra.