LAWSON *v.* BRANCH *et al.*

No. 13394.   DECEMBER 3, 1940.

C. A. Christian and John T. Ferguson, for plaintiff.

R. R. Forrester and R. D. Smith, for defendants.

ATKINSON, Presiding Justice. 1. The judge, after outlining the contentions of the defendants, instructed the jury: "You will look to the evidence to determine whether a willful trespass was committed; and if the amount of timber is correct, then it is for you to look to the evidence and determine the value of the manufactured lumber. And of course if you find in her favor as to this, the verdict to be in her favor for the 13,707 feet of lumber at $18 or $20 per thousand, whatever you find it was worth." Held, that this charge, considered in connection with its context, was not cause for reversal, as contended, on the ground "that the court instructed the jury that if they found the line to be as contended by the defendants, then the jury was instructed in said charge to find that the amount of timber cut, to wit, 13,707 feet, should be the basis of the recovery at $18 or $20 per thousand, without instructing the jury that if the plaintiff was not a willful trespasser then in the event they found for the defendants that the amount of damages should be based upon the value of the timber after deducting the expense of cutting and manufacturing the same."

2. In another part of the charge the judge instructed the jury: "Where the plaintiff recovers for timber cut and carried away, the measure of damage is: Where the defendant is a willful trespasser, that is, one who willfully and knowingly trespasses, the full value of the property at the time and place, without any deduction for his labor or expense. Where the defendant is an unintentional or innocent trespasser, or innocent vendee from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property. That is, less any expenditure that might be made on it." This instruction contains the substance of Code § 105-2013. See Parker v. Waycross & Florida R. Co., 81 Ga. 387 (5) (8 S. E. 871); Hammontree v. Cagle, 151 Ga. 1 (105 S. E. 606); Ray v. Schmidt, 7 Ga. App. 380 (66 S. E. 1035); Stanley v. Livingston, 9 Ga. App. 523 (71 S. E. 878); 40 Words & Phrases, 337.

3. Nor was the charge, "I am inclined to the view that there was no evidence to indicate what kind of lumber was made out of

the timber, and that you will probably have to take the lowest estimate given, $18; that is, not in excess of $18 a thousand secured on the 13,707 feet of manufactured lumber," erroneous on the ground that "said charge instructed the jury, if they found for the defendants, to find the manufactured value of the timber cut, without instructing the jury in this connection that if the plaintiff was not a willful trespasser, that then the amount of recovery should be based upon the value of the timber, after deducting the expense of manufacturing and cutting such timber."

4. Nor was the charge: "But, even though you find in favor of the defendants, you find, in crossing their lands and cutting such timber, that W. J. Lawson was guilty merely of an innocent trespass,—that he did not intend to trespass, but that he entered their lands under a bona fide claim of right, then all either of them would be entitled to would be the value of the timber cut at the stumpage value of the tree," on the ground "that said charge was vague and indefinite, and did not explain to the jury what the stumpage value of the tree meant; and said charge, in order to have made the issue clear for the jury, should have been that the basis of the recovery in the event that the plaintiff was not a willful trespasser would have been the value of the timber after deducting the expense of cutting and manufacturing same into the lumber."

5. The instructions quoted above were not erroneous, as contended, on the ground that they "unduly stressed the contentions of the defendants, in that the said charge specified the number of feet of timber as cut by the plaintiff and also specified the amount of the proven manufactured value thereof, and nowhere in said charge was any reference made to any of the evidence as to the value of the timber after deducting the expense of cutting and manufacturing same into lumber."

6. Nor was such charge error, as contended, on the ground that it "was prejudicial and harmful to the rights of the plaintiff in the case, in that on two separate occasions said charge instructed the jury that if they found a willful trespass that they should find a verdict in favor of the defendants for a specified amount of lumber cut, at a specified price, to wit, $18 or $20 per thousand; and at no time did the court charge the jury in specific terms that if the plaintiff was an innocent trespasser, that the amount of damages to the timber would be based upon the evidence as to the value

of the timber after the deduction of the cutting and manufacturing of same to be $5 per thousand, and in said charge reference having been made on two occasions that they should find if the trespass was willful the value of the timber would be computed at $18 per thousand, and nowhere in said charge was any reference made to the fact that if the plaintiff was an innocent trespasser then the verdict should be based upon the value of the amount of timber cut after deducting the expense of cutting and manufacturing as it was as to the value of the timber, without the deduction of the expense of cutting and manufacturing; said charge having the effect to lead the jury to believe that the court was of the opinion that the trespass was a willful one."

7. The evidence, though conflicting as to the location of the land line and as to whether the trespass was willful, was sufficient to support the verdict in favor of the defendants.

*Judgment affirmed. All the Justices concur.*