30315. TURNER *v.* LITTLE.

568

DECIDED FEBRUARY 2, 1944.

*Conyers, Gowen & Conyers,* for plaintiff in error.

*Alston, Foster, Sibley & Miller, Edward Burford,* contra.

SUTTON, P. J.     William M. Little sued Thomas Turner Jr., alleging that Turner was indebted to him in the sum of $670, besides interest, on twenty-three promissory notes which were described in the plaintiff's petition.   The defendant answered and denied the indebtedness, and alleged that after he finished his preparatory education, the plaintiff, who was his great uncle, came to him and voluntarily told him that he desired to furnish him funds to assist him in financing the expense of a college education at the University of North Carolina; that if the defendant applied himself and graduated, the sums the plaintiff would advance would be an outright gift, but if the defendant failed to graduate, he should repay the amounts advanced, together with interest thereon at six per centum; that the defendant accepted the proposition of the plaintiff and it was agreed between them, that, as the plaintiff provided him with funds, he would give him notes for the amounts advanced, which were to be held by the plaintiff as pledges to secure the carrying out of the contract by the defendant under which agreement, the notes were not to become effective until and unless the defendant failed to pursue his studies to graduation; that the defendant entered the University of North Carolina under this agreement and continued his studies until he graduated therefrom with an A.B. degree; that thereafter he continued his studies in the law school until he was admitted to the bar, and thus fully performed the agreement he had made with the plaintiff; that the pledges in security were fulfilled and should have been returned to the defendant, but having confidence in the plaintiff, he neglected to have them returned; that all of the notes sued on were executed

in accordance with the agreement, and the defendant having fully performed the agreement, the notes never became enforceable and no indebtedness existed thereon; that the defendant was born October 3, 1900, and accordingly all of said notes, except the last four, were executed by him while he was a minor and he had never ratified them, as he accepted the help offered by the plaintiff as a gift as it was intended by them that it should be accepted.

On the trial, the plaintiff introduced the notes in evidence, and testified, in substance, that he loaned the defendant money under an agreement whereby he was to loan the defendant up to $30 a month; that all of the money advanced to the defendant was loaned under this agreement, and the notes sued on represented the money loaned; that the plaintiff was to repay this money, and that there was no understanding relative to nonpayment of the notes, if the defendant graduated from the University of North Carolina.

The defendant testified, in substance, that after he finished his preparatory education, the plaintiff agreed that if he would attend the University of North Carolina and pursue his courses there to graduation, he would assist him with certain funds; that if he finished his courses and graduated, nothing was to be paid; but if he failed to graduate, then he was to repay the plaintiff the money advanced; that while he was attending the University of North Carolina, the plaintiff would mail him checks and enclose with the checks notes complete except as to his signature, and that he would sign the notes and return them to the plaintiff and cash the checks; that he completed most of his work for his A.B. degree in June 1922, and received his A.B. degree in 1923; that he finished a year in the law school that year and was admitted to the bar in 1924; that each of the notes except the last four were executed under the agreement, and he did not remember about the last four which were executed some time after the other notes; that the defendant was born October 3, 1900; that he received money for each of the notes; that the last note was dated April 20, 1922, and he received his college degree in June 1923.

After the submission of the evidence and argument of counsel, the court, as a portion of his charge, submitted two questions to the jury for determination, and this portion of the court's charge will be set out and dealt with later on in this opinion. The jury found in favor of the plaintiff by answering the first question "yes"

and the second question "no," and the court then had the finding of the jury put in form by directing the following verdict to be signed: "We, the jury, find in favor of the plaintiff in the principal amount of $670, and the interest on said notes from the various dates thereof until this date at 6% per annum, said interest amounts to $852.92, making a total amount of $1552.12. This 13th day of January, 1942. J. C. Slaughter, foreman." Judgment was entered on this verdict. The defendant filed a motion for a new trial, which was overruled, and the exception here is to that judgment.

■ The general grounds of the motion for a new trial are not insisted upon or argued by counsel for the plaintiff in error in his brief, and will be considered as abandoned.

■ Special grounds 1, 2, 3, 4, 9, and 10 of the motion assign error on the charge of the court to the effect that, if they found from the evidence that there was an agreement between the plaintiff and the defendant whereby the plaintiff was to furnish the defendant money each month to assist him in financing his college education, and if they found that the notes sued on represented money so advanced by the plaintiff to the defendant, the notes executed by the defendant during his minority would be unenforceable unless the defendant had ratified them after he became twenty-one years of age; that if the jury found that the plaintiff furnished money under this agreement during the minority of the defendant, and continued to furnish additional sums after the defendant became twenty-one years of age, the acceptance of such additional sums by the defendant after he became twenty-one years of age would be a ratification of the agreement as a whole and of the notes executed thereunder by the defendant to the plaintiff.

The defendant contends that the court erred in giving the above principles in charge because the action was brought upon the twenty-three notes and not upon the agreement, and upon the further ground that the agreement was not set out in the plaintiff's pleadings. There is no merit in these contentions. The plaintiff sued to recover the sum of $670, besides interest, which he contended he had loaned the defendant as evidenced by the twenty-three notes described in the petition. The defendant did not deny receiving the money or executing the notes, but set out in his answer that the money was advanced and the notes executed under an agreement

between him and the plaintiff whereby the notes were not to become effective if the defendant completed his college courses and graduated. The plaintiff in his evidence admitted that the money was advanced under an agreement between him and the defendant, but denied that the terms of the agreement were as contended by the defendant. The defendant pleaded the agreement in his answer, and both the plaintiff and the defendant testified as to its terms and conditions. Where affirmative defenses are pleaded by a defendant in his answer, unless a motion is made to the court and the court directs the plaintiff to file a supplemental pleading, it is not necessary for the plaintiff to file any additional plea to deny the allegations of the defendant's answer, or to avoid the affirmative defenses set out in such answer. *Metropolitan Life Ins. Co.* v. *Hale,* 47 *Ga. App.* 674 (171 S. E. 306), and cit. See Code, §§ 81-309, 81-311; *Callan Court Co.* v. *Citizens &c. Bank,* 184 *Ga.* 87, 125 (2) (190 S. E. 831). The court did not err in instructing the jury as to the contentions of the plaintiff and the defendant with respect to the agreement entered into between them, where the agreement was pleaded by the defendant in his answer, and testified to by both parties.

The defendant contends that his accepting additional sums from the plaintiff under their agreement after he became twenty-one years of age did not ratify the agreement and the notes executed thereunder while he was a minor. The defendant pleaded the agreement in an effort to avoid all the notes executed by him to the plaintiff, including those notes executed by him after he reached his majority as well as those executed by him while a minor. The defendant, having pleaded the contract, was bound by all of its terms. He could not claim the benefits of the contract and at the same time repudiate or deny those provisions which placed a corresponding obligation on his part in favor of the other party to the contract. While the plaintiff and the defendant agreed that the money was advanced under an agreement between them, they differed as to the terms of the agreement, and this was an issue of fact for determination by the jury. The jury resolved this issue in favor of the plaintiff, and found that the agreement was that the plaintiff agreed to loan the defendant money each month, and that the defendant agreed to repay this money according to the maturity dates of the notes executed by him to the plaintiff. There

was only one agreement between the parties, and the notes executed by the defendant to the plaintiff were executed under this agreement. Upon becoming of age, the defendant had the right to elect whether to affirm or disaffirm the agreement and the notes executed thereunder, but he could not affirm a portion of the agreement and disaffirm the rest. He either ratified all or none of the agreement and the notes executed thereunder. 27 Am. Jur. 803, § 73. In this connection, also see *Harris* v. *Collins,* 75 *Ga.* 97. The defendant could not elect to claim the benefits of the contract and continue to accept additional sums each month thereunder after he became of age, and disaffirm that portion of the contract and those notes executed by him before he became of age. Any act on his part after he became of age which evidenced an intention to abide by the contract would be an affirmance of the contract by him. *Wimberly* v. *Jones, Ga. Dec.* 91, 92; *McGarrity* v. *Cook,* 154 *Ga.* 311 (114 S. E. 213); *Cook* v. *McGarrity,* 161 *Ga.* 145 (129 S. E. 644). His act in accepting benefits under the agreement by accepting additional sums from the plaintiff after he became of age, and executing notes to the plaintiff therefor, was such an act as to show conclusively an intention on his part to abide by and ratify the agreement and all the notes executed thereunder, and he could not thereafter repudiate the agreement and avoid same on a plea of infancy. The court did not err in giving the jury instructions embodying the principles above set out, and in overruling special grounds 1, 2, 3, 4, 9, and 10 of the motion for a new trial.

It is contended in special grounds 5, 6, 7, 8, and 12 of the motion that the court erred in submitting two questions to the jury for it to determine, and then directing a general verdict based upon the special findings of fact. In this connection the court instructed the jury: "Gentlemen of the jury, the court stated to you before noon that you would be permitted to find a verdict in favor of the plaintiff or the defendant. However, I find that it is necessary to submit the questions involved in this case. I have written out two questions and by answering these two questions you will determine the issue in this case. The first one is, 'Under the rules of law given you in charge do you find that the defendant Thomas Turner ratified the notes he signed before he became twenty-one years of age?' That is the first question, and I have left a blank for you to sign in answer to question number one, and you

will answer it, yes or no. Then question number two, 'Do you find under the rules of law given you in charge in favor of the contention of Thomas Turner Jr., that the sums of money advanced to him by the plaintiff and which are evidenced by the notes sued on, were to be a gift, provided he completed his course at the University of North Carolina and graduated from that institution?' Under that you will write your answer to that question. When you have answered those two questions that will constitute your verdict in this case." After the jury returned a verdict that answered the first question "yes" and the second question "no," the court had the finding of the jury put in form by directing a general verdict in favor of the plaintiff against the defendant for $670 as principal, $852.92 as interest to date, and entered a judgment thereon in favor of the plaintiff against the defendant for said amounts, and for costs.

The court had fully and fairly instructed the jury as to the contentions of the parties and the issues in the case, and the law applicable thereto before submitting to them the two questions above referred to. At the close of his charge he had told the jury that they could return an oral verdict as there would be considerable calculations to be made, if they found in favor of the plaintiff, and he would have the lawyers make the calculations, but if they found in favor of the defendant there would be no calculations to be made; that he would have a verdict made up for them to sign in accordance with their finding. Counsel for the defendant then said: "If your Honor please, there would be a difference in the amount due based on the plea of infancy," whereupon the court stated he would submit the questions involved in the case to the jury in the form of questions to be answered by the jury, and he then submitted to the jury the two questions above set out. There was no objection by either of the parties to the submission of the questions to the jury at the time they were submitted. It was said by this court in *Howard* v. *DeSoto Banking Co.*, 17 *Ga. App.* 711 (2) (88 S. E. 211): "The questions of fact in the case were submitted to the jury in the form of questions, and, so far as the record discloses, without objection by the defendant below, now the plaintiff in error. The jury having determined these issues of fact in favor of the plaintiff, the judgment was substantially correct, and the only one that could have been legally given." While there

is no statutory provision making it mandatory on the trial judge to require the jury to find a special verdict of the facts in the trial of law cases, upon request of either party, as there is in the trial of equity cases (Code, § 37-1104), neither is there any law prohibiting the judge from submitting the issues of fact in a case at law to the jury in the form of questions, where this can properly be done, and all the issues in the case are covered by such submissions.

Under the record in the present case, the two questions submitted to the jury covered the only issues in the case, and it is not shown that the defendant was prejudiced or injured by the submission of these to the jury in the form of questions. Therefore, it was not error for the court to overrule the special grounds of the motion herein dealt with.

■ The verdict was authorized by the evidence; no harmful error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Fellon and Parker, JJ., concur.*