31551. NEIDLINGER *v.* MOBLEY *et al.*

Decided May 9, 1947.

*W. C. Hawkins,* for plaintiff in error. *C. L. Hilton,* contra.

Parker, J. F. L. Mobley and F. L. Mobley Jr. sued J. D. Neidlinger for $9000 as damages for the alleged unlawful and wilful cutting and removing from certain lands of sixty thousand feet of timber owned by them of the value of $150 per thousand. The defendant admitted going upon the lands described and cutting timber thereon, but claimed that the timber he cut was purchased by Brunswick Pulp and Paper Company under a lease made to it. He denied that the cutting he did was in violation of plaintiffs' lease and that he cut any timber owned by the plaintiffs. The jury returned a verdict for $900 in favor of the plaintiffs. The defendant moved for a new trial on the general grounds and on three special grounds and error is assigned on the overruling of his motion.

■ The refusal of the court to permit F. L. Mobley, a witness for the plaintiffs, on cross-examination, to answer the question "How much did you pay for this lease?" was not error. The price paid for the lease was not material to the issues involved and the court did not err in refusing to allow the witness to answer the question propounded.

■ A ground of a motion for new trial complaining of the admission of certain oral testimony which does not show what objection was made to the evidence at the trial, or show that any objection was made to its introduction, is incomplete and presents no question for determination by this court. *Cary* v. *State,* 55 *Ga. App.* 167 (189 S. E. 625); *Virginia Lumber Corp.* v. *Williamson Tie Co.,* 55 *Ga. App.* 410 (190 S. E. 202); *Quillian* v. *Tuck,* 66 *Ga. App.* 472 (17 S. E. 2d, 921). Under this rule there is no merit in ground two of the amended motion for new trial.

■ "An assignment of error on a refusal to award a nonsuit will not be considered where, after such refusal, the case is submitted to the jury and a motion for new trial is made which includes the ground that the verdict is contrary to the evidence and without evidence to support it," and exceptions to the overruling of a motion for nonsuit must be taken in the trial court. *McCoy* v. *Scarborough,* 73 *Ga. App.* 519 (37 S. E. 2d, 221); *Woodruff* v. *Trost,* 73 *Ga. App.* 608, 615 (37 S. E. 2d, 425); *Gainesville, Midland R. Co.* v. *Floyd,* 73 *Ga. App.* 661 (37 S. E. 2d, 725). No exception to the overruling of the motion for nonsuit was preserved in the lower court. After the verdict was returned for the plaintiffs the defendant filed a motion for new trial, including therein the ground that the verdict was contrary to the evidence and without evidence to support it. The overruling of that motion is assigned as error in this court. Under the rulings in the cases cited the assignment of error on the overruling of the motion for nonsuit cannot be considered.

■ The reasonable construction to place on the verdict for $900 is that the jury intended to give damages for the cutting of sixty thousand feet of timber, within the dimensions contained in the lease held by the plaintiffs, that is, timber ten inches or more in diameter twelve inches above the ground, at the proved stumpage value of $15 per thousand. We hardly think the evidence was sufficient to show that the defendant was a wilful trespasser, and

liable as such for the full value of the manufactured product, without deduction for his labor or expense, or that the jury so found. Construing the verdict as for the stumpage value only of the timber cut by the defendant, it was not authorized by the evidence. While there was testimony to the effect that the total amount of timber cut by the defendant was sixty thousand feet, still the evidence showed that only twenty-four thousand feet of this amount of timber was *within the dimensions contained in the plaintiffs' lease,* that is, timber ten inches or more in diameter twelve inches above the ground, timber of this size being the only timber owned by the plaintiffs. The defendant denied having cut any timber owned by the plaintiffs. For these reasons we think the evidence failed to support the verdict and that a new trial should have been granted.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*