31923. NEIDLINGER *v*. MOBLEY *et al*.

DECIDED MARCH 5, 1948.

*Aaron Kravitch, Limerick L. Odom,* for plaintiff in error.

*C. L. Hilton,* contra.

SUTTON, C. J.  F. L. Mobley and F. L. Mobley Jr. sued J. D. Neidlinger in the City Court of Sylvania, seeking to recover damages for the defendant's alleged unlawful and wilful cutting and removing of timber, belonging to the plaintiffs, from certain described lands.  This is the second appearance of this case before this court.  For a statement of the pleadings and contentions of the parties, see *Neidlinger* v. *Mobley,* 75 *Ga. App.* 167 (42 S. E. 2d, 583), where the judgment of this court resulted in the grant of a new trial.  On the second trial of this case in the court below, a verdict was returned in favor of the plaintiffs.  The defendant's amended motion for a new trial was overruled, and he excepted.

█  The defendants in error have filed a written motion to dismiss the writ of error upon the following grounds: (a) because there is no proper brief of the evidence in the record in the case; and (b) because counsel for the defendant in error were not served with a copy of the brief of counsel for the plaintiff in error within the time fixed by the rules of this court.  The motion to dismiss is without merit.  While the sanction of an oath, or affirmation equivalent thereto, is necessary to the reception of oral evidence (Code § 38-1701), where a party without objection allows a witness to go on the stand and testify against him without being first sworn, such party can not, after a verdict against him, urge in this court the failure of the witness to take the oath as a ground for rejecting the brief of the evidence, which has the

approval of the trial judge, where such objection was not raised in the court below. In this connection, see *Rhodes* v. *State*, 122 *Ga*. 568 (50 S. E. 361), and citations.

While rule 21 of this court (Code § 24-3621), requires the brief of counsel for the plaintiff in error to be served on counsel for the defendant in error 10 days before the day set for the call of the calendar to which the case is assigned, it is well settled that the failure to comply with this rule is not cause for the dismissal of the writ of error, but is matter of contempt. *Liberty National Life Insurance Co.* v. *Parrimore*, 68 *Ga. App.* 623 (1) (23 S. E. 2d, 541); *State Life Insurance Co.* v. *Whitehurst*, 67 *Ga. App.* 646 (1) (21 S. E. 2d, 474), and citations.

■ The general grounds of the motion for a new trial are not argued or insisted upon in the brief of counsel for the plaintiff in error, and will be considered as abandoned. *Turner v. Little*, 70 *Ga. App.* 567 (1) (28 S. E. 2d, 871).

■ Complaint is made in special ground 1 of the motion for a new trial that the court erred in charging the jury: "I charge you, gentlemen, in this connection, that, if you find under the rules of law that I shall give you in charge that the plaintiffs' contentions are true and that the defendant cut the timber belonging to the plaintiffs, and that it was wilfully done, and a wilful trespass, then the measure of damages the plaintiffs would be entitled to recover would be the proven value of the proven amount of timber so cut, coming within the dimensions of the Mobley lease—the proven value of the finished product or manufactured product that could have been derived from the timber so cut without any deduction for the expense of manufacturing or processing of said timber"—on the grounds that, (a) "the measure of damages would be the value of the timber at the time and place of demand or suit, said charge being too general and too broad and not accurately defining the measure of damages as set out in the Code of Georgia [Section] 105-2013;" (b, c) that it was not authorized by the evidence; and (d) that "damages for the manufactured or processed article was speculative and without evidence to support a recovery therefor." We do not think that the charge is subject to the criticism urged against it. "Where plaintiff recovers for timber cut and carried away, the measure of damage is: 1. Where defendant is a wilful tres-

passer, the full value of the property at the time and place of demand or suit, without deduction for his labor or expense." Code § 105-2013. In the present case there was evidence from which the jury was authorized to find that the defendant was a wilful trespasser upon the timber of the plaintiffs, and that the defendant had cut and carried away 60,000 feet of their timber and converted it to his own use. The instruction complained of contained the substance of the Code, § 105-2013, and was authorized under the pleadings and evidence of the case. *Tietjen* v. *Dobson*, 170 *Ga.* 123, 135 (10) (152 S. E. 222, 69 A. L. R. 1408); *Lawson* v. *Branch*, 191 *Ga.* 311, 312 (12 S. E. 2d, 641), and citations. The court did not err in overruling special ground 1.

■ In special ground 2 of the motion, complaint is made that the court erred in instructing the jury: "If, on the other hand, you find that the defendant did cut and carry away timber belonging to the plaintiffs but that such cutting was innocently done and was not a wilful trespass, then the measure of damages which the plaintiffs would be entitled to recover would be the proven value of the proven amount of timber so cut belonging to the plaintiffs on a stumpage basis, that is the value of the timber at stumpage." The plaintiff in error contends that the charge was error because it was too restrictive and failed to establish the value at any particular time; that it failed to instruct the jury that the defendant would be entitled to whatever value he may have added to the property; and because there was no evidence of the value of the timber that had been cut by the defendant. The charge was not subject to the objections urged against it. "Where plaintiff recovers for timber cut and carried away, the measure of damage is: . . 2. Where defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property." Code § 105-2013. It was held in *Ray* v. *Schmidt & Co.*, 7 *Ga. App.* 380 (4) (66 S. E. 1035): " 'Stumpage' is a term used to express the price paid or to be paid by the purchaser for standing trees to be severed from the soil and converted into timber or logs by the purchaser." The plaintiffs were certainly damaged to the extent of the stumpage value of the trees cut and removed by the defendant, and the charge complained of was not error as against the defendant. The court did not err in overruling special ground 2 of the motion.

■ Special ground 3, "Because the charge of the court as a whole was erroneous, too general, unsupported by the evidence, contrary to the evidence, and contrary to the principles of law and justice," presents nothing for consideration by this court.

■ In special ground 4 of the motion, the plaintiff in error contends that the entire proceedings are "null and void," and that a new trial is required because S. W. Edenfield, who was impaneled as a juror and who served as such, had previously served as the foreman of the jury in a former trial of the case. This objection was not raised until after verdict and judgment. It was held in *Felker* v. *Still,* 41 *Ga. App.* 462, 464 (153 S. E. 781): "The objection that one of the members of the jury was disqualified by reason of the fact that he served as a juror upon the trial of another issue in the same case was not presented in due time. After verdict and judgment such an objection comes too late; and neither a lapse of memory nor failure to make a timely investigation affords sufficient excuse." The court did not err in overruling special ground 4 of the motion.

■ In special ground 5, error is assigned on the refusal of the court to require the plaintiff to testify as to what he paid for the tract of timber. This ground of the motion is without merit. When this case was here on the former appeal it was held: "The price paid for the lease was not material to the issues involved, and the court did not err in refusing to allow the witness to answer the question propounded." *Neidlinger* v. *Mobley,* supra. The court did not err in overruling special ground 5.

■ In special ground 6 of the motion, the plaintiff in error asks for a new trial because one of the jurors trying the case, "R. C. Dixon, was a second cousin of the defendant, and said fact was not known to him at the time of said trial and by the exercise of ordinary care and diligence [he] could not have known of the same until after the trial of said case." This ground is supported by affidavits of the plaintiff in error and his attorney. Relationship of a juror within the prohibited degrees to the unsuccessful party in a case, although unknown to such party or his counsel until after verdict, is not ground for a new trial. *Wright* v. *Smith,* 104 *Ga.* 174 (30 S. E. 651). Also, see *Sikes* v. *State,* 105 *Ga.* 592 (31 S. E. 567); *Downing* v. *State,* 114 *Ga.* 30 (39 S. E.

927) ; *Jones* v. *State,* 68 *Ga. App.* 210 (22 S. E. 2d, 671). The judge did not err in overruling ground 6 of the motion.

■ None of the grounds of the motion shows harmful error against the plaintiff in error, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.   Felton and Parker, JJ., concur.*