## 32952. Taylor v. Young.

Sutton, C. J. This was a dispossessory-warrant proceeding in the Superior Court of Coffee County by Mrs. Gaynelle Young, to recover possession of certain property owned by her and in possession of her mother-in-law, Mrs. N. M. Taylor. The defense of Mrs. Taylor was that her term of rent had not expired and that she was not holding over and beyond her term, that no rent was due, and that she was in possession of the property under a life estate to her from Mrs. Young. The jury returned a verdict for the plaintiff for possession with the recommendation that no rent be paid, and judgment was rendered accordingly. The defendant moved for a new trial, her motion consisting of the general grounds and one special ground, the motion was overruled, and she excepted.

1. In the special ground of the motion complaint is made of the admission in evidence, over objection, of a certain book showing various entries as expenditures for labor and supplies. C. O. Young, the husband of the plaintiff and the son of the defendant, testified by deposition that this was a record which he kept, or had his daughter-in-law keep, of money he had spent on the property involved, including the reimbursing of his mother for money expended in maintaining and improving the property, and that he had examined the entries and found them to be correct. It appears from the record that this evidence was for the purpose of contradicting evidence to the effect that the defendant had made valuable improvements on the property under a contract giving her a life estate in the property. The manner in which the documentary evidence was identified by C. O. Young gave to it the effect of making it his own direct testimony as to expenditures actually made by him, or of which he had direct knowledge, and under such circumstances it was tantamount to the best evidence of the expenditures, and a showing that the book was admissible under the provisions of Code § 38-310 was unnecessary. It was not error to admit the book in evidence. See *Villa Rica Manufacturing Co.* v. *General American Life Ins. Co.,* 55 *Ga. App.* 328 (2) (190 S. E. 49); *Booth* v. *Schmoller & Mueller Piano Co.,* 32 *Ga. App.* 35 (3) (122 S. E. 636; *Harper* v. *Hammond & Sons,* 13 *Ga. App.* 238 (3) (79 S. E. 44), and citations.

2. No argument or insistence being made on the general grounds of the motion for a new trial, the same are treated as having been abandoned. Code, § 6-1308; *Neidlinger* v. *Mobley,* 76 *Ga. App.* 599 (2) (46 S. E. 2d, 747).

3. The trial judge properly overruled the motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*

Decided April 7, 1950.

*Gibson & Maddox,* for plaintiff in error.
*G. H. Mingledorff,* contra.